UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| Ramundo Ruiz, | § | CIVIL ACTION NO. _____ |
|     Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | |
| U.S. Protect and Alberto Gonzales, | § | |
| Attorney General of the United States, | § | |
|     Defendants | § | A JURY IS DEMANDED |

## ORIGINAL COMPLAINT

If Ramundo Ruiz had been judged on the quality of his work, he would still be serving as a Court Security Officer and guarding the federal judiciary of the Southern District of Texas. His work was recognized as "distinguished" by the U.S. Marshal's Service only six months before he was dismissed. Paradoxically, although he performed his job as a Court Security Officer with distinction, he lost his job because of disability discrimination.

## PARTIES

1.  The plaintiff Ramundo Ruiz is an individual who resides in Victoria, Victoria County, Texas.

2.  The defendant U.S. Protect, is a Maryland corporation doing business in Texas, and may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

3.  The defendant Alberto Gonzales is currently the United States Attorney General and may be served with process at his business address, Office of the Attorney General,

1

Department of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C. 20530-0001. A copy of this complaint is also served on the United States Attorney for the Southern District of Texas.

## JURISDICTION

4. This case is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5. Venue is invoked pursuant to 28 U.S.C. § 1391.

## STATEMENT OF THE PLAINTIFFS' CASE

6. The plaintiff, Ramundo Ruiz was and is well-qualified to guard the federal judiciary. He served in the United States Army for more than twenty years and often was called upon to train soldiers, including training them to be military police. In his 1985 annual review, the rating officer wrote, "Master Sergeant Ruiz is one of the most outstanding noncommissioned officers I have had the opportunity to serve with. He has performed all of his assigned task[s] above and beyond possible expectations." This kind of assessment was repeated numerous times. In his 1981 annual review, for example, the rating officer wrote that Ruiz was the most outstanding first sergeant he had worked with in 18 years of military service and also stated, "Ruiz is a true professional whom few could equal but all should emulate."

7. After his distinguished military service, Ruiz went to work in the field of civilian law enforcement. He worked with the Victoria County Sheriff's Department for more than a decade, rising from detention officer to the level of captain in the department. Then, he worked as an assistant warden and later warden of two correctional facilities.

8.      In February 2002, Mr. Ruiz was hired to work as a Court Security Officer by Akal Security, Inc., a contractor of the United States Marshal's Service. Akal had been hired to provide court security officers at federal courthouses.

9.      Before he started working for the Marshal's Service, Mr. Ruiz was informed that he needed to undergo a physical in connection with his job. He took the physical and was thereafter put to work as a Court Security Officer in the Southern District. He also took physicals on an annual basis and was told that he passed these as well. Several of his annual physicals were taken with hearing aids in place, and these physicals demonstrated that he was well qualified to perform his duties and that his hearing was more than adequate to perform the job.. But in late 2005, he was required to remove his hearing aids when taking the annual physical.

10.     In 2006, U.S. Protect received the contract to provide court security at the federal courthouse in Victoria, Texas. Shortly after the company took over, Mr. Ruiz received an award from the U.S. Marshal's Service for his excellent work.

11.     On October 23, 2006, Mr. Ruiz was terminated from his job, not because of any performance problem, but because of his disability. The defendant, U.S. Protect, told him that he was being terminated because the United States Marshal's Service had determined that he was not medically qualified for the job because of his substantial hearing loss. Both defendants know this is untrue. Mr. Ruiz never had a problem with hearing on the job -- he wears hearing aids, after all. In fact, he never had any problem with his job performance at all.

12.     The government physician who made the recommendation to disqualify Mr. Ruiz found that he had a "significant hearing loss" and that hearing aids "are not able to restore those with sensori-neural hearing loss to the level of normal function." Ironically, however, the

government does not require that Court Security Officers have normal hearing. Paradoxically, it actually allows those with mediocre hearing ability to guard the judiciary. Using hearing aids, Mr. Ruiz had good hearing ability, not mediocre. It is clear that Mr. Ruiz was certainly capable, since the U.S. Marshal's Service itself recognized him as being an exemplary CSO.

13. The demand that Mr. Ruiz take a hearing test without a hearing aid is a screening criteria that screens out the disabled. It is per se unlawful. As is the decision of U.S. Protect to dismiss a man only because the government told the company to do so.

14. Even though U.S. Protect knew that Mr. Ruiz was eminently qualified to continue working as a CSO, it fired him based on his disability. It even coded him as ineligible for rehire.

Disability Discrimination

15. The plaintiff performed his job as a Court Security Officer with distinction, but was fired because he has a disability. U.S. Protect's conduct violates the Americans with Disabilities Act, which prohibits discrimination in employment on the basis of disability. Gonzales' conduct violates the Rehabilitation Act, which also prohibits disability discrimination. The plaintiff is a qualified individual with a disability and was discriminated against because of such disability.

16. In imposing a requirement that Plaintiff may not use hearing aids for medical testing (even though allowed on the job), the Defendants have violated the ADA and the Rehabilitation Act , respectively. These statutes prohibit an employer from using qualification standards that screen out the disabled. 42 U.S.C. 12112(b)(6) and 29 U.S.C. 791 et seq. Defendants' conduct in discharging Plaintiff constitutes discrimination in employment on the basis of a disability or perceived disability.

17. The plaintiff timely filed a charge of discrimination to challenge the disability discrimination he suffered by U.S. Protect and Gonzales. He has requested a right to sue from the Equal Employment Opportunity Commission on his charge of discrimination against U.S. Protect and such right to sue letter has been issued. Ruiz timely files this lawsuit to vindicate his rights. In addition, the plaintiff has received a right to sue letter from the Equal Employment Office of the Justice Department on his claim against the federal government and timely files this lawsuit to vindicate his rights.

## Damages

18. The damages suffered by the plaintiff include lost wages and benefits as well as compensatory damages for the injuries suffered at the hands of the defendants, including, but not limited to, mental anguish.

19. Further, because U.S. Protect's actions were of the sort that render the imposition of exemplary damages appropriate, the plaintiff is entitled to an award of these damages, which he seeks.

## RELIEF REQUESTED

The plaintiff asks this court to enter a judgment:

1. Declaring that the acts and practices complained of in this Complaint are in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973;

2. Enjoining and permanently restraining these violations of law;

3. Directing the defendants to pay the plaintiff actual and compensatory damages that he suffered, past and future;

4. Directing the defendant, U.S. Protect, to pay plaintiff exemplary damages for its conduct in an amount as yet to be ascertained;

5. Awarding plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

6. Awarding plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

7. Awarding plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

8. Awarding plaintiff such other relief, legal or equitable, as may be warranted.

Respectfully submitted,

s/John W. Griffin
**JOHN GRIFFIN, JR.**
Federal I.D. No. 2238
State Bar No. 08460300
203 North Liberty Street
Victoria, Texas 77901
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

**Attorney in charge for Plaintiff**

s/ Katherine L. Butler
**Katherine L. Butler**
Federal I.D. No. 4734
State Bar No. 03526300
Margaret A. Harris
Federal I.D. No. 87
State Bar No. 09081400
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (713) 526-5691