UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| Ramundo Ruiz, | § | CIVIL ACTION NO. 6:07-CV-56 |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| U.S. Protect and Michael Mukasey, | § | |
| Attorney General of the United States, | § | |
| Defendants | § | A JURY IS DEMANDED |

**Plaintiff Ramundo Ruiz's Motion
to Exclude Drs. Cook and Chelton as Expert Witnesses**

The plaintiff, Ramundo Ruiz, moves this Court to prevent defendant Mukasey from attempting to utilize Dr. Lynn Cook or Dr. Louis Chelton as expert witnesses because the defendant failed to designate them as experts as required by Rule 26(a)(2). They also failed to present the disclosures required by Rule 26(a)(2)(B). Because the defendant failed to comply with the rules for expert witness disclosures, they may not be expert witnesses at trial. After all, Rule 37(c)(1) provides that the defendant is prohibited from using Cook or Chelton to provide expert testimony on a motion, in a hearing, or at trial.[1]

**Factual Introduction**

This case involves defendant's removal of Ray Ruiz from his job as a Court Security Officer. The defendant removed Ruiz from his job due to its perception of his ability to hear. This case is brought under the authority of the Americans With Disabilities Act/Rehabilitation

---

[1] *Heidtman v. County of El Paso,* 171 F.3d 1038, 1040 (5th Cir. 1999) (*citing* Fed. R. Civ. P. 37(c)(1)); *See also Bradley v. United States,* 866 F.2d 120 (5th Cir. 1989)(abuse of discretion to allow the government to offer expert testimony after it failed to comply with discovery rules regarding expert identification).

Act and challenges the defendant's dismissal of a fine worker who, with his state of the art hearing aids, did a fine job as a CSO. As such, the elements of the plaintiff's case are (1) that he is a qualified person with a disability and (2) that he was removed from his job because of his disability. See Fifth Circuit Pattern Jury Instruction 11.7.1 (2006). Disability may be established in one of three ways: actual disability, perceived disability and discrimination based on a record of disability. *See id.* Although he needs proof of only one of these three alternatives, he has pled all three avenues and is prepared to prove them.

Two Government witnesses took part in the decision to deem Ruiz disqualified due to his hearing impairment. These two witnesses are Louis Chelton and Lynn Cook. Neither have been named by the defendant as being an expert witness. But it is precisely these individuals who decided that Plaintiff must be removed from his job. They provided no expert reports, and while non retained experts are not required to author *reports*, Defendant was required to make the disclosures the Rule describes.

The defendant has placed itself squarely in the paradoxical situation where non experts deemed Ruiz's hearing so poor that he had to be removed from his job. This occurred notwithstanding his more than four years of service in both the Victoria Division and the Corpus Christi Divisions of the Southern District of Texas. Because these witnesses have not been properly designated as experts, they may not offer expert opinions. The technical issues bearing upon audiology and the efficacy of state of the art hearing assistive devices are subject to FRE 702, because they are issues which require expertise in order to opine. Fed. R. Evid. 701(c) (precluding lay witnesses from giving any testimony "based on scientific, technical, or other specialized knowledge"); 2000 Advisory Committee Notes to Rule 701 (701(c) ensures that a

2

party cannot evade the reliability and disclosure requirements governing expert witnesses by "the simple expedient of proffering an expert in lay witness clothing."); *United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005)(error to admit lay testimony when the opinions expressed were based on a reasoning process that depended, in whole or in part, on specialized training and experience).

Neither doctor was named as an expert, and for that reason the defendant should be ordered to desist from offering expert opinions from either of them. After all, this case is well over a year old, and the defendant does have one expert in its stable, who was properly named, a Dr. Mark Kramer. Because Chelton and Cook were not designated under the Rules, and because the deadline has long past for naming experts and providing their disclosures, these two witnesses may not properly testify as experts.

### Defendant Failed to Designate Cook or Chelton as an Expert, Failed to Provide Expert Reports, and the Deadline for Doing So has Passed

On June 16, 2008 the defendant served its expert designation, listing the audiologist Dr. Marc Kramer as its sole expert.[2] Dr. Cook, another audiologist, was not designated then and remains undesignated as an expert. Neither was Dr. Chelton designated as an expert witness, although he is a medical doctor.

Since the defendant did not designate either Cook or Chelton as an expert, it also did not provide all of the documents required from an expert under Rule 26(a)(2)(B) – a complete statement of all opinions they would express and the basis and reasons for them, the data or other information they considered, any exhibits they would use to summarize or support them, their

---

[2] Defendants' Designation of Expert Witness [Exhibit 1]

3

qualifications, including a list of publications, and a list of all other cases in which they had testified as an expert in the previous four years.

Rule 26(a)(2) required the defendant to provide key disclosures about any witnesses who may offer expert testimony, whether they be specially retained or merely employees of a party. *See Hamburger v. State Farm Mutual Automobile Ins. Co.*, 361 F.3d 875,882-883 (5th Cir. 2004).

### Trial by Ambush

The defendant's opportunity to designate Cook and Chelton as experts and provide the required documents has long since passed.[3] If the defendant is allowed to use Cook or Chelton as an expert witness now, it would be unfairly rewarded for choosing trial by ambush over full disclosure. The expert designation rules were designed to ensure that the opposing party would have sufficient information to (1) make a pre-trial *Daubert* challenge[4] to the proposed testimony and (2) have a reasonable opportunity to prepare for effective cross examination.[5]

The defendant's failure to follow the rules is neither justified nor harmless. The Government is well aware of its obligations under the federal rules, and like any other party it must follow these rules or face the consequences. *Bradley*, 866 F.2d at126("[T]his is even more

---

[3] Through stipulation, the plaintiff's deadline to designate experts was April 29, 2008. The plaintiff submitted his timely designation on April 28. By agreement, the plaintiff agreed to extend the deadline for designating defense experts to June 16, 2008.

[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993) (stating that a federal trial judge has a special obligation to act as a "gatekeeper" to screen out purported scientific expert testimony that is not both relevant and reliable). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (applying the *Daubert* standard to all expert testimony).

[5] 1993 Advisory Committee Notes to Rule 26 (as published in Federal Civil Judicial Procedure and Rules (2008 ed.) at 160).

4

true for the federal government, a party that regularly appears before the federal courts, knows the rules by which they operate, and is even at times a special beneficiary of those rules.") Here, the parties are 30 days away from trial, and at this point in time, the parties are stuck with the witnesses for which they provided disclosures.

## Certificate of Conference and Conclusion

The undersigned conferred with defense counsel by phone today, and no agreement could be reached. The defendant should not be allowed to use either Cook or Chelton as an expert when it has completely ignored the rules on expert witnesses disclosure. *See Bradley*, 866 F.2d at 127("By allowing [the untimely designated experts] to testify, the district court left the government's breach of its duties unsanctioned"). For all the reasons cited above, the motion should be granted.

                                                        Respectfully submitted,

/s/ John Griffin
John Griffin
Federal I.D. No. 2238
State Bar No. 08460300
203 North Liberty Street
Victoria, Texas 77901
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

**Attorney in charge for Plaintiff**

/s/ Katherine L. Butler
Katherine L. Butler
Federal I.D. No. 4734
State Bar No. 03526300
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (713) 526-5691

5

## Certificate of Service

I certify that a true and correct copy of this document has been served upon the defendant via the electronic filing system of the United States District Court for the Southern District of Texas on August 8, 2008.

/s/ Katherine L. Butler