UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| Ramundo Ruiz, | § | CIVIL ACTION NO. 6:07-CV-56 |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| Michael Mukasey, | § | |
| Attorney General of the United States, | § | |
|     Defendants | § | A JURY IS DEMANDED |

**Motion to Compel Discovery**

It is a settled proposition of law that a party is not permitted to state a position in litigation and then stonewall on providing information that shows precisely the opposite. This motion to compel is necessary because that is exactly what the defendant is doing.

The plaintiff, Ramundo Ruiz, asks this Court to compel the defendant to produce information that has been properly requested in discovery.[1] The information requested is highly relevant to whether Ruiz was actually a qualified person with a disability--an issue he must prove to prevail. The defendant cannot refuse to provide the information while contending that Ruiz is not qualified. The information sought is (1) information about medical qualification of other CSOs and (2) records of particular CSOs who were identified as having on the job problems with their hearing.[2] In other

---

[1] In fact, the defendant had already been ordered to produce this information once before. That was in the Gunnels litigation, a case this Court was scheduled to try until it settled.

[2] The defendant has pledged to produce this second category of information, but it has not fully complied to date. Hence, this motion to insure compliance with this commitment.

1

words, apparently the Government does not want Ruiz to know the hearing ability of CSOs it has accepted and rejected, because that would bear upon who the Government thinks is "qualified" and "disqualified."

**Brief Factual Background**

Ray Ruiz worked successfully as a Court Security Officer (CSO) for more than four years. He was removed in October 2006 at the order of the defendant. It removed him due to its perception of his ability to hear. This case is brought under the authority of the Americans With Disabilities Act/Rehabilitation Act. As such, the elements of Plaintiff's claim are (1) that he is a qualified person with a disability and (2) that he was removed from his job because of his disability. See Fifth Circuit Pattern Jury Instruction 11.7.1 (2006).

Since one of the issues is whether Plaintiff was qualified, it is useful to review the definition of the term, as reflected by the Fifth Circuit's Pattern Jury Instructions. Qualified means that the person "can perform the essential functions of the job." The plaintiff proved for several years that he is qualified by his successful service to the judges of the Victoria and the Corpus Christi Divisions – for more than four years. While he has ample proof that he was qualified, the defendant claims that he is not, due to his hearing impairment.

**The Plaintiff's Need for the Discovery is Great:
to Show He is Qualified for the Job**

In order to assess the defendant's position, that the plaintiff's hearing abilities rendered him not qualified, the plaintiff sought discovery from the defendant on the hearing ability of other CSOs that it allows to work.[3] An example of the kind of person that Defendant says is

---

[3] In the Gunnels litigation, the Hon. Janis Jack ordered the Government to produce this type of information, and it was ultimately provided by Jose Vela, Assistant United States

qualified is shown on Exhibit A, which the defendant produced in the Gunnels case. It clearly shows that a man with profound hearing loss was declared "qualified". And there are dozens of records like it, where the defendant has branded as "qualified" people with demonstrably worse hearing than the plaintiff. This bears upon the defendant's contention that Ruiz was not qualified. The plaintiff simply wants to find out how many more CSOs are out there who are deemed qualified despite hearing worse than the plaintiff.

The documents the defendant produced in the Gunnels case show that, contrary to its position in this suit, it allows CSOs with much worse hearing than the plaintiff to work. Some CSOs were still allowed to work despite suffering from profound hearing loss, up to 100 decibels in the speech frequency. Plain and simple, if the defendant accepts CSOs that hear worse than the plaintiff, then surely the plaintiff is qualified for the job. The plaintiff is entitled to the discovery that will allow him to prove his qualification for the job, a vital part of his case.

## Defendant's Refusal to Provide Discovery on the Hearing Ability of Other CSOs

In this case, the plaintiff first sought this information through a document request accompanying topic 5 of the 30(b)(6) deposition notice, served on the defendant on April 25, 2008. When the defendant voiced objections to this request, the plaintiff, in the spirit of cooperation, agreed to accept a response in the form of an interrogatory answer. The defendant agreed it would respond accordingly and at the 30(b)(6) deposition, the defendant presented an interrogatory answer and a set of documents it claimed were responsive to topic 5. The documents fail to properly respond because they lack sufficient detail concerning the basis for the

---

Attorney for the Southern District of Texas.

medical disqualifications, making them unsuitable for any meaningful comparison with the plaintiff's disqualification. Without the audiological details behind the disqualifications, charts and anecdotal responses about disqualified CSOs do nothing to allow the plaintiff to draw comparisons between CSOs who were found "qualified" or "disqualified." And again, it is not just the disqualifications that are relevant, but also those CSOs that were found qualified despite their lower hearing ability.

On July 1, the defendant was asked once more to provide the information by simply supplementing the documents already produced back in 2004 in the Gunnels case. Defense counsel asked for time to consider it, then spoke at length about it with Plaintiff's counsel when he deposed Plaintiff in Victoria on July 11, 2008. After this delay, finally, on August 1, the defendant decided that it would not provide this information. At all times, Plaintiff has been willing to protect the confidentiality of the records, as the plaintiff did in the Gunnels case.

While this evidence clearly shows that the plaintiff *was* qualified, the fact that evidence is not helpful to the defendant does not make it irrelevant. The Court should order Defendant to promptly provide this discovery.

### Certificate of Conference and Conclusion

Counsel for both parties conferred by phone this morning, and while the lines of communication are open, no agreement was reached. The plaintiff, Ramundo Ruiz, respectfully asks this Court to order production of information he needs to show the falsity of the defendant's position that he was not qualified for the job. This same information was produced in the Gunnels case and showed that the government allowed individuals with profound hearing loss to continue working as CSOs, while, at the same time, disqualifying a man who hears extremely

4

well with his hearing aids. The Government should be ordered to comply with its commitment to produce information about alleged on the job hearing failures by CMOS.

Respectfully submitted,

s/ John Griffin
Federal I.D. No. 2238
State Bar No. 08460300
Marek, Griffin & Knaupp
203 North Liberty Street
Victoria, Texas 77901
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

**Attorney in charge for Plaintiff**

Katherine L. Butler
Federal I.D. No. 4734
State Bar No. 03526300
Butler & Harris
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax (713) 526-5691

### Certificate of Service

I certify that a true and correct copy of this document has been served upon the defendant via the electronic filing system of the United States District Court for the Southern District of Texas on August 11, 2008.

/s/ John W. Griffin

## Judicial Security Division
### Medical Review Form

LE Incumbent Name:
SSN:
Examining Facility: ,  ,
Circuit 5

Date of Birth:
LE Incumbent: Court Security Officer

Age: 52

Gender: M

Report of Medical Examination:         Date: 1/27/2003
Supplemental Medical Information:      Date: 4/14/2003

This review is based on FY: 2003

## YOUR STATUS IS: Medically Qualified

Incumbent has no medical conditions that are likely to hinder safe and efficient performance of essential job functions.

Thank you for providing the requested information which is acceptable. All reporting requirements have been met.

Review Date: 05/02/2003
Judicial Security Division Reviewing Physician:

L. Chelton, MD, MPH



EXHIBIT A

3/24/03

HTN tx with Atenolol (Tenormin)
Current BP - 126/80
EKG - NSR.  R-S-R' in leads V1, V2, V3, and V4 with a QRS of 0.142 seconds consistent with a complete RBBB.  Abnormal EKG.  Unchanged from 2002.  Under care of a cardiologist.  No further evaluation required at this time.  See FY 2002 Record Number 2034611 for further information.
Bilateral Hearing Loss
Right Ear with 60 dB at 3000 Hz and 80 dB at 4000 Hz
Left Ear with 85 dB at 3000 Hz and 99 dB at 4000 Hz