

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RAMUNDO RUIZ, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO. 6:07-cv-00056 |
| | § | |
| USPROTECT CORPORATION | § | |
| and | § | |
| ALBERTO GONZALES, | § | |
| United States Attorney General | § | |
| *Defendants* | § | |

FEDERAL DEFENDANT'S RESPONSES TO
TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

To: John W. Griffin, Jr, and Katherine Butler

REQUEST FOR PRODUCTION NO. 1: All documents that list or set forth the job duties identified in Interrogatory No. 1.

RESPONSE:
See Dr. Miller's Report [Previously produced in the Wise case, USMS 00611 - 00701], excerpts from Contract for the Fifth Circuit between USMS and US Protect.

REQUEST FOR PRODUCTION NO. 2: All documents that list or set forth any essential functions of the job that Mr. Ruiz was unable to perform or was substantially impaired in performing.

RESPONSE:
None.  See also answer to Interrogatory No. 2.

REQUEST FOR PRODUCTION NO. 3:  All documents that were generated as a result of or during any research programs, studies, reports, test groups or other methods identified in your response to Interrogatory No. 3, including, but not limited to reports, papers, articles, diaries, or journals.

RESPONSE:
See Dr. Miller's Report [Previously produced in the Wise case, USMS 00611 - 00701]

and previous study [Previously produced in the <u>Wise</u> case, USMS 00389 - 00443].

REQUEST FOR PRODUCTION NO. 4: All documents reflecting or recording any and all input, contributions, criticism, review or approval by any federal judge regarding the proposed and/or enacted medical criteria used in the hiring or retainment of Court Security Officers from 1993 to the present.

RESPONSE: Defendant objects to the request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome because responsive information is not centrally maintained or indexed for retrieval. Any documents generated after the date of Plaintiff Ruiz's termination from employment by U.S. Protect are not relevant. Defendant has some responsive documents in its possession which consist of letters from individual federal judges complaining about the termination of CSOs other than Plaintiff. Since an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the termination of other CSOs would not be relevant to this case. Furthermore, responsive documents relating to other CSOs with different medical conditions from Plaintiff would not be relevant to this case. Defendant further objects to the production of information relating to other individuals as violative of the Privacy Act. Subject to these objections and without waiving same, see Committee Agendas [Previously produced in the <u>Wise</u> case, USMS 00384 - 00610 and USMS-DC 08124-8142, 08195-08197, 08199-08246, 08252-08263]. See also previously produced in the <u>Wise</u> case, USMS 00935-00953]. See also two letters from the Committee on Judicial Security dated April 30, 2007, a letter from the Committee on Judicial Security dated May 3, 2007, and a response from USMS Director Clark dated May 21, 2007.

REQUEST FOR PRODUCTION NO. 5: All documents that record or reflect any and all employment problems relating to performance of the essential functions of Court Security Officers that have actually occurred as a result of a medical condition of a Court Security Officer including, but not limited to hearing, sight, hypertension, diabetes or heart disease since 1993.

RESPONSE: Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence insofar as information regarding job performance problems of CSOs other than Plaintiff is not relevant to this case and to Plaintiff's ability to perform the essential functions of the CSO job. Defendant further objects to this request on the grounds that would be unduly burdensome to search for such documents because they are not centrally maintained or indexed or could require a search of every personnel file of every CSO employed since 1993. Subject to these objections and without waiving same, Defendant is not aware of the existence of any responsive documents,

2

and to the extent any responsive documents exist, they may in the possession of the CSO contractors, such as U.S. Protect, rather than USMS. See also answer to Interrogatory No. 5.

REQUEST FOR PRODUCTION NO. 6: All documents listing, identifying or generated by any and all medical persons or those affiliated with the medical profession who participated in the promulgation, review and acceptance of the medical criteria that existed for Court Security Officers from 2001 to the present.

RESPONSE: See Dr. Miller's Report at page 7 [Previously produced in the Wise case, USMS 00617]. See various emails between Dr. Miller and audiologist Lynne Cooke [Previously produced in the Wise case]. See documents numbered FOH 000289-000294 previously produced in the Wise case. See also documents which were produced in the Gunnels litigation.

REQUEST FOR PRODUCTION NO. 7: For the time period January 1, 2001, to the present, all form letters or templates used to send letters to U.S. Protect or for use by U.S. Protect or to Court Security Officers from 2001 to the present.

RESPONSE: No such documents exist.

REQUEST FOR PRODUCTION NO. 8: All manuals, policies, employee handbooks or instructions from 2001 to present that include information on implementing and/or communicating the medical criteria and job responsibilities to Court Security Officers or the United States Marshal's office.

RESPONSE: See documents previously produced in the Gunnels, Wise and Allmond case. See also documents produced in response to RFP No. 21.

REQUEST FOR PRODUCTION NO. 9: All correspondence from 2000 to the present between U.S. Protect and Court Security Officers in your possession, regarding or touching upon the medical criteria for job hiring or retention as a Court Security Officer.
RESPONSE: The USMS does possess any such documentation.

REQUEST FOR PRODUCTION NO. 10: All documents generated by the government, including the United States Marshal's office, justifying or supporting the medical changes made from 2000 to the present.

RESPONSE: No such documents exist, since there have no changes to the medical standards from 2000 to the present. See also response to Request for Production No. 6.

3

REQUEST FOR PRODUCTION NO. 11: For the years 2000 to the present, all documents reflecting the precise hiring and retention policies for Court Security Officers with regard to those with hearing loss (including hearing aids), glasses/contacts, hypertension, heart disease, and insulin-dependant diabetics.

RESPONSE:
Defendant objects to the request for all non-hearing related documents on the grounds of relevance. See portion of applicable contract between Marshals Service and U.S. Protect addressing hearing. Defendant is not aware of the existence of other responsive documents.

REQUEST FOR PRODUCTION NO. 12: All correspondence between U.S. Protect and any government agency, including the United States Marshal's office, regarding or touching upon implementation of the new policy of medical criteria for job hiring or retention as a Court Security Officer.

RESPONSE: Defendant objects to the request on the grounds that it is vague insofar as the "new policy" is not identified and Defendant does not know what Plaintiff is referring to. Defendant further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving same, Defendant does not believe it has any responsive documents.

REQUEST FOR PRODUCTION NO. 13: All letters received from federal judges about any concerns regarding the revised medical standards and any responses thereto.

RESPONSE: See objections and response to Request for Production No. 4. Subject to these objections, see also documents previously produced in the Wise case, USMS 954-959 and 00935-00953.

REQUEST FOR PRODUCTION NO. 14: All documents generated by the government, including the United States Marshal's office, criticizing in any way or questioning the medical screening changes for diabetes made from 2000 to the present.

RESPONSE: Defendant objects to the request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected by the deliberative process and/or attorney-client privilege. Subject to this objection and without waiving same, no responsive documents exist because no medical screening changes have taken place since 2000.

REQUEST FOR PRODUCTION NO. 15: All medical documents regarding Mr. Ruiz as well as any medical test results and raw data from said tests.

4

RESPONSE:
See Mr. Ruiz's medical documentation.

REQUEST FOR PRODUCTION NO. 16: All documents reviewed in connection with the decision to remove Mr. Ruiz as a Court Security Officer.

RESPONSE:
Since the Marshals Service did not make this decision, it is not certain regarding what documents U.S. Protect may have reviewed. Documents reviewed regarding the Marshals Service decision to medically disqualify Plaintiff are provided in response to RFP #15.

REQUEST FOR PRODUCTION NO. 17: All documents from January 1, 2000, to the present, from the Disability Rights Section of the Civil Rights Division of the Department of Justice to any state or local governmental entity that involve in any way to alleged discrimination against individual(s) based on their hearing ability.

RESPONSE: Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the Marshals Service, which is the real entity in interest in this case, is not covered by the Americans With Disabilities Act (ADA), the statute for which the Disability Rights Section (DRS) has enforcement and regulatory authority. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome to respond to, and that the burden of responding far outweighs the potential relevance of the information sought. Defendant further objects to this request on the grounds of the law enforcement, deliberative process, settlement privilege, and investigations privileges. Subject to these objections and without waiving same, see responses to RFP Nos. 18 and 19 below. In addition, Plaintiff is referred to the Disability Rights Section's webpage, www.ada.gov, <http://ada.gov> and other federal government web pages linked thereto, which have publicly available information that Plaintiff may consider responsive to this request.

REQUEST FOR PRODUCTION NO. 18: Any other settlement agreements made from January 2000 to the present by the Office of Disability Rights that involve an individual's hearing ability.

RESPONSE: Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the Marshals Service, which is the real entity in interest in this case, is not covered by the Americans With Disabilities Act (ADA), the statute for which the Disability Rights Section (DRS) has enforcement and regulatory authority. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome to respond

5

to, and that the burden of responding far outweighs the potential relevance of the information sought. Defendant further objects to this request on the grounds of the settlement privilege. Defendant further objects to this request on the grounds that it is overbroad, to the extent Plaintiff is seeking any such agreement which may mention, but do not in Defendant's view "involve" hearing ability.  Subject to these objections and without waiving same, the defendant will supplement its answer after conferring with DRS as to any ADA Title I settlement agreements it entered into since January 2000 that specifically involved hearing ability.  Generally, settlement agreements entered into by DRS may be accessed at <http://www.ada.gov/civicac.htm.>  These settlements are primarily focused upon architectural accessibility and program access for persons with disabilities, but some of the agreements may have provisions relating to hearing ability.

REQUEST FOR PRODUCTION NO. 19: Any lawsuits filed from January 2000 to the present by the Disability Rights Section of the Civil Rights Division of the Department of Justice that involve an individual's hearing ability.

RESPONSE: Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the Marshals Service, which is the real entity in interest in this case, is not covered by the Americans With Disabilities Act (ADA), the statute for which the Disability Rights Section (DRS) has enforcement and regulatory authority.  Defendant further objects to this request on the grounds that it is ambiguous, overbroad and unduly burdensome to respond to, and that the burden of responding far outweighs the potential relevance of the information sought. Subject to these objections and without waiving same, the Defendant will supplement its answer after conferring with DRS as to any lawsuits responsive to this request.

REQUEST FOR PRODUCTION NO. 20: All interagency agreements between USMS and Federal Occupational Health Law Enforcement Medical standards from January 1, 2002 to the present.

RESPONSE: See documents numbered FOH 297-335 produced in connection with the Wise case.  See also additional documents provided.

REQUEST FOR PRODUCTION NO. 21: All documents, including, but not limited to, manuals, policies, memoranda, letters or instructions, from January 1, 2002, to present, that include information from USMS on any aspect of the job requirements or performance of Court Security Officers in the Southern District of Texas, including, but not limited to, post orders, memoranda regarding allowable break time, hours of work, dress code, weapons.

6

RESPONSE: Defendant objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds it is unduly burdensome insofar as documents are not organized or kept by the Marshals Service in the Southern District of Texas to easily comply with this request. Defendant further objects to this request on the grounds that it seeks some highly sensitive information pertaining to security plans at U.S. courthouse facilities in the Southern District of Texas. Subject to these objections and without waiving same, once a protective order is in place to protect the sensitive security information contained in documents responsive to this request, Defendant will supplement this response with responsive documents in its possession since plaintiff was employed as a CSO.

REQUEST FOR PRODUCTION NO. 22: All documents provided to CSOs in the Southern District of Texas by USMS employee(s) from January 1, 2002, to present that relate to any aspect of the job of a Court Security Officer.

RESPONSE: Defendant objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds it is unduly burdensome insofar as documents are not organized or kept by the Marshals Service in the Southern District of Texas to easily comply with this request. Defendant further objects to this request on the grounds that it seeks some highly sensitive information pertaining to security plans at U.S. courthouse facilities in the Western District of Texas. Subject to these objections and without waiving same, once a protective order is in place to protect the sensitive security information contained in documents responsive to this request, Defendant will supplement this response with responsive documents in its possession since plaintiff was employed as a CSO.

REQUEST FOR PRODUCTION NO. 23: All memos to any CSO supervisory employee(s) in the Western District of Texas from USMS employee(s) from January 1, 2002, to present that relate to any aspect of the job or job performance of Court Security Officers.

RESPONSE: Defendant objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because the Plaintiff did not work in the Western District of Texas. Defendant further objects to this request on the grounds it is unduly burdensome insofar as documents are not organized or kept by the Marshals Service to easily comply with this request. Defendant further objects to this request on the grounds that it seeks some highly sensitive information pertaining to security plans at U.S. courthouse facilities in the Western District of Texas.

REQUEST FOR PRODUCTION NO. 24: All documents provided to U.S. Protect about the job duties, requirements or performance of CSOs from January 1, 2002, to the

7

present.

RESPONSE: Defendant objects to the request on the grounds that it is overly broad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome because responsive information is not centrally maintained or indexed for retrieval. Subject to these objections and without waiving same, Defendant will supplement this response with responsive documents in its possession since Plaintiff was employed as a CSO. See responses above to RFP Nos. 21-23. See also the contract between USMS and U.S. Protect.

REQUEST FOR PRODUCTION NO. 25: All documents provided to Akal Security, Inc., about the job duties, requirements or performance of CSOs from January 1, 2002, to the present.

RESPONSE: Defendant objects on the grounds of relevance because Akal Security, Inc. was not the CSO contractor and plaintiff's employer at the time he was medically disqualified.

REQUEST FOR PRODUCTION NO. 26: All affidavits or declarations by Dr. Richard Miller in any case filed by a CSO who was medically disqualified based on hearing.

RESPONSE: See Dr. Miller's declaration in the Strolberg case, previous produced in the Wise case. Plaintiff's counsel also has Dr. Miller's declaration from the Allmond case. Defendant is unaware of any further responsive documents.

REQUEST FOR PRODUCTION NO. 27: All affidavits or declarations by Dr. L. Chelton in any case filed by a CSO who was medically disqualified based on hearing.

RESPONSE: See Dr. Chelton's declaration in the Strolberg case, previous produced in the Wise case. Plaintiff's counsel also has Dr. Chelton's declaration from the Allmond case. Defendant is unaware of any further responsive documents.

REQUEST FOR PRODUCTION NO. 28: All affidavits or declarations by Dr. J.V. Barson in any case filed by a CSO who was medically disqualified based on diabetes.

RESPONSE: Defendant objects on the grounds of relevance because plaintiff was not medically disqualified due to a diabetic condition.

REQUEST FOR PRODUCTION NO. 29: All reports, documents and tangible things prepared by or for an expert witness in anticipation of the expert's trial or deposition

8

testimony or which was prepared by a consulting expert if prepared in anticipation of litigation and which forms a basis either in whole or in part of the opinion of the testifying expert. This request includes the entire file of each testifying expert and all documents furnished to you by any expert witness you have identified, including, but not limited to, factual observations, opinions, tests, supporting data, calculations, sketches, or photographs.

RESPONSE: Pending receipt of Plaintiff's expert witness report, no expert witnesses have been identified by Defendant. If Defendant determines to designate an expert witness in this area, Defendant will supplement this answer.

REQUEST FOR PRODUCTION NO. 30: Any documents sent to or received from the plaintiff's physician.

RESPONSE: Defendant objects to this request on the grounds that these documents can be more easily identified by Plaintiff and are presumably in Plaintiff's possession. Subject to this objection and without waiving, to the best of Defendant's knowledge, it appears that the some of the document previously that will be produced in response to RFP # 15 were received from plaintiff's physicians. Defendant is not aware of any additional responsive documents.

REQUEST FOR PRODUCTION NO. 31: All affidavits or declarations by Marc Farmer in any case filed by a CSO who was medically disqualified based on hearing.

RESPONSE: See Marc Farmer's declaration in the Strolberg case, previous produced in the Wise case. Plaintiff's counsel also has Marc Farmer's declaration from the Allmond case. Defendant is unaware of any further responsive documents.

REQUEST FOR PRODUCTION NO. 32: All documents from January 1, 2002, to the present, from the Disability Rights Section of the Civil Rights Division of the Department of Justice to any state or local governmental entity that relate in any way to policies that limit the ability to wear a hearing aid on the job.

RESPONSE: Defendant incorporates the objections and responses to Request For Production Nos. 17 and 18.

REQUEST FOR PRODUCTION NO. 33: Any other settlement agreements made from January 2002 to the present by the Disability Rights Section of the Civil Rights Division of the Department of Justice that involve hearing aids.

9

RESPONSE: Defendant incorporates the objections and responses to Request For Production Nos. 17 and 18.

REQUEST FOR PRODUCTION NO. 34: Any lawsuits filed from January 2002 to the present by the Disability Rights Section of the Civil Rights Division of the Department of Justice that involve hearing aids.

RESPONSE: Defendant incorporates the objections and responses to Request For Production Nos. 17 and 18.

REQUEST FOR PRODUCTION NO. 35: The resume or CV of the "audiology specialist" referred to in Interrogatory No. 12.

RESPONSE: See attached resume of Dr. Lynn Cook.

REQUEST FOR PRODUCTION NO. 36: All documents that the "audiology specialist" relied on in making his or her assessment about Mr. Ruiz.

RESPONSE: See documents produced in response to RFP # 15.

REQUEST FOR PRODUCTION NO. 37: All documents received from any member of the federal judiciary about Mr. Ruiz and his disqualification or dismissal.

RESPONSE: Defendant is unaware of any such documents.

REQUEST FOR PRODUCTION NO. 38: The contract between U.S. Protect and the USMS for courthouse security in the Southern District of Texas.

RESPONSE:   A CD with a complete copy was provided to John Griffin on January 16, 2008.

REQUEST FOR PRODUCTION NO. 39: Any and all documentation of any incident whereby a hearing aid of a federal marshal or court security office failed or malfunctioned on the job.

RESPONSE: See response to RFP # 5.

REQUEST FOR PRODUCTION NO. 40: Any and all documentation of any incident whereby a hearing aid of a federal marshal or court security office failed or malfunctioned on the job.

10

RESPONSE: Defendant does not have such documentation.

DONALD J. DeGABRIELLE, JR.
United States Attorney

By:  *CHARLES WENDLANDT*

CHARLES WENDLANDT
Assistant United States Attorney
Admissions I.D. Number: 12172
State Bar I.D. Number: 21171500
800 N. Shoreline, Suite 500
Corpus Christi, Texas  78401
Tel.: (361) 888-3111
FAX  (361) 888-3200

OF COUNSEL:

C. Joseph Carroll, Esq.
Office of the General Counsel
United States Marshals Service
United States Department of Justice
Washington, D.C.  20530-1000
Phone (202) 305-9573

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to the following attorneys on January 16, 2008:

John Griffin, Jr.
Marek, Griffin & Knapp
203 N. Liberty Street
Victoria, Texas 77901

Katherine L. Butler
Butler & Harris
1007 Heights Boulevard
Houston, Texas 77008

A Martin Wickliff, Jr
Charles Howard Wilson
Epstein Becker Green
Wickliff & Hall, P.C.
1000 Louisiana, Ste 5400
Houston, TX 77002-5013

CHARLES WENDLANDT

12

Ʒ๑

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

|                                              |       |                                |
| -------------------------------------------- | ----- | ------------------------------ |
| Ramundo Ruiz,                                | §     |                                |
|                                              | §     |                                |
| Plaintiff,                                   | §     | Civil Action No. 6:07-cv-56    |
|                                              | §     |                                |
| v.                                           | §     |                                |
|                                              | §     |                                |
| U.S. Protect and Michael Mukasey,            | §     |                                |
| Attorney General of the United States,       | §     |                                |
|                                              | §     |                                |
| Defendants.                                  | §     |                                |
|                                              | §     |                                |
|                                              | §     |                                |

Defendant's Responses to Plaintiff's Second Set of Interrogatories and Requests for Production

**GENERAL OBJECTIONS:**

1.     Defendant objects to each request for production to the extent that it seeks the production of any privileged information, including, without limitation, attorney-client communications, attorney work product, or documents covered by the deliberative process privilege. Inadvertent identification or production of privileged writings or information by Federal Defendants is not a waiver of any applicable privilege.

2.     Defendant objects to the imposition of instructions and definitions, including the date and manner for the delivery of documents, insofar as those instructions and/or definitions conflict with and are not otherwise required by the Federal Rules of Civil Procedure.

3.     Defendant objects to each request for production to the extent it seeks information that is not relevant to the subject matter involved in the pending case or not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendants objects to each request for production to the extent that it is unreasonable, unduly burdensome or expensive under the circumstances of this case.

5.     Defendant objects to each request for production to the extent that it seeks to impose obligations that exceed the requirements of the Federal Rules of Civil Procedure.

6.     Defendant's response to each request for production is not an admission that the information contained therein is material, relevant, or admissible at summary judgment, trial, or any other proceeding in this case.

7.      Defendant objects to each request for production to the extent that it seeks the production of documents that are already in the possession, custody, or control of Plaintiff or that are public records, and thus are equally available to Plaintiff.

8.      Defendant objects to each request for production to the extent that it seeks information or documents that are cumulative or duplicative of the initial disclosures and previously produced documents in this or other litigation involving Defendant that have been supplied to Plaintiff.

9.      The general objections set out above, and the objections to specific requests for production set out below, are made regarding the matters that are clearly objectionable on the face of the requests.  These objections are made without prejudice to, or waiver of, Defendant's right to object on all appropriate grounds to the requests for production hereafter, either before or at the time of trial.

10.     Each of the general objections set out above is incorporated into each of the specific responses to Plaintiff's interrogatories and requests for production set out below.

Dated: July 24, 2008.

                                        Donald J. DeGabrielle, Jr.
                                        United States Attorney


                        By:
                                        JIMMY A. RODRIGUEZ
                                        Assistant United States Attorney
                                        Attorney in Charge
                                        Texas Bar Number: 0024037378
                                        P. O. Box 61129
                                        Houston, Texas 77208
                                        Phone: (713) 567-9532
                                        Fax: (713) 718-3303


Of Counsel:

C. Joseph Carroll, Esq.
Office of the General Counsel
United States Marshals Service
United States Department of Justice
Washington, D.C.  20530-1000
Phone (202) 305-9573

**Responses to Plaintiff's Second Set of Interrogatories**

Interrogatory No. 1: Do you have any ban on the use of insulin pumps or any other method of insulin administration for CSOs with diabetes? If so, please explain what it is.

RESPONSE:

Defendant objects to Interrogatory No. 1 because it is not relevant to the claim or defense of any party or the subject matter involved in this action. Fed.R.Civ.P. 26(b)(1). Subject to and without waiving the foregoing objection, Defendant provides the following response: there is no ban on the use of insulin pumps or any other method of insulin administration for CSOs with diabetes.

Interrogatory No. 2: Do you have any ban on the use of particular brands or varieties of hearing aids for CSOs who can pass the hearing test unaided? If so, please explain what it is.

RESPONSE:

No.

Interrogatory No. 3: Does the defendant test applicants and incumbent CSOs for their ability to hear soft sounds, such as breathing sounds, footsteps and whispers? If so, please describe the testing that is done.

RESPONSE:

Yes, the pure tone audiogram in conjunction with the functional hearing tests allow for the assessment of a CSO's ability to hear soft sounds within a reasonable degree of medical certainty.

Interrogatory No. 4: Do you have any ban on the use of pacemakers by CSOs? If so, explain what it is.

RESPONSE:

Defendant objects to Interrogatory No. 4 because it is not relevant to the claim or defense of any party or the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). Subject to and without waiving the foregoing objection, Defendant provides the following response: there is no ban on the use of pacemakers by CSOs.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2008.

Dr. Louis Chelton

**Responses to Requests for Production**

1.      All medical records from 2000 to the present for Artis Massengill, identified in 30(b)(6)
deposition as a CSO with hearing difficulties on the job.

        Defendant objects to Request for Production No. 1 because the subject documents are not
relevant to the claim or defense of any party or the subject matter involved in the pending action.
Fed.R.Civ.P. 26(b)(1).  Because an individualized medical assessment was made before the
Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a
CSO, information regarding the medical status of other CSOs would not be relevant to this case.

        Defendant objects to Request for Production No. 1 because any responsive documents are
subject to the Privacy Act.

        Defendant objects to the Request for Production No. 1 because it seeks sensitive medical
information; the disclosure of which would violate the general privacy interests of non-litigant,
third parties.  This privacy interest outweighs any probative value that the documents may have.

2.      All medical records from 2000 to the present for James Spencer, identified in the
Defendant's Supplemental Response of June 18, 2008, as a CSO with hearing difficulties on the
job.
        Defendant objects to Request for Production No. 2 because the subject documents are not
relevant to the claim or defense of any party or the subject matter involved in the pending action.
Fed.R.Civ.P. 26(b)(1).  Because an individualized medical assessment was made before the
Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a
CSO, information regarding the medical status of other CSOs would not be relevant to this case.

        Defendant objects to Request for Production No. 2 because any responsive documents are
subject to the Privacy Act.

        Defendant objects to Request for Production No. 2 because it seeks sensitive medical
information; the disclosure of which would violate the general privacy interests of non-litigant,
third parties.  This privacy interest outweighs any probative value that the documents may have.

3.      All medical records from 2000 to the present for the 5 unnamed individuals listed in the
Defendant's Supplemental Response to Interrogatory No. 2.

        Defendant objects to Request for Production No. 3 because the subject documents are
not relevant to the claim or defense of any party or the subject matter involved in the pending
action.  Fed.R.Civ.P. 26(b)(1).  Because an individualized medical assessment was made before
the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a
CSO, information regarding the medical status of other CSOs would not be relevant to this case.
Furthermore, responsive documents relating to CSOs with different medical conditions from
Plaintiff would not be relevant to this case.

Defendant objects to Request for Production No. 3 because any responsive documents are subject to the Privacy Act.

Defendant objects to Request for Production No. 3 because it seeks sensitive medical information; the disclosure of which would violate the general privacy interests of non-litigant, third parties.  This privacy interest outweighs any probative value that the documents may have.

4.     All medical records from 2000 to the present for William Jiggetts.

Defendant objects to Request for Production No. 4 because the subject documents are not relevant to the claim or defense of any party or the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1).  Because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the medical status of other CSOs would not be relevant to this case. Furthermore, responsive documents relating to CSOs with different medical conditions from Plaintiff would not be relevant to this case.

Defendant objects to Request for Production No. 4 because the subject documents are subject to the Privacy Act.

Defendant objects to Request for Production No. 4 because it seeks sensitive medical information; the disclosure of which would violate the general privacy interests of non-litigant, third parties.  This privacy interest outweighs any probative value that the documents may have.

5.     All medical records from 2000 to the present for the individuals identified on Exhibit 23 to the November 18, 2005, deposition of Thomas Galgon. (Exhibit 23 is attached for your convenience).

Defendant objects to Request for Production No. 5 as unduly burdensome, duplicative, and untimely.  The request is untimely because Plaintiff's counsel has been aware of the individuals identified on Exhibit 23 since 2005.  Request for Production No. 4 is also duplicative of previous requests regarding specific CSOs identified on Exhibit 23.

Defendant objects to Request for Production No. 5 because the subject documents are not relevant to the claim or defense of any party or the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1).  Because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the termination of other CSOs would not be relevant to this case. Furthermore, responsive documents relating to CSOs with different medical conditions from Plaintiff would not be relevant to this case.

Defendant objects to Request for Production No. 5 because any responsive documents are subject to the Privacy Act.

Defendant objects to Request for Production No. 5 because it seeks sensitive medical

information; the disclosure of which would violate the general privacy interests of non-litigant, third parties. This privacy interest outweighs any probative value that the documents may have.

6.      All emails between my FOH doctor (Miller, Chelton, Barson, Goldhagen), on the one hand, and my USMS employee, on the other hand, from 2000 to the present regarding medical disqualification of a CSO.

Defendant objects to Request for Production No. 6 as unduly burdensome and overly broad. Plaintiff's request is overly broad and unduly burdensome because it lacks the necessary specificity to perform a search of records. Instead, the request seeks email generated over an eight year span concerning the general topic of "medical disqualification of a CSO." Furthermore, the request is overly broad because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the medical status of other CSOs would not be relevant to this case. Additionally, responsive documents relating to CSOs with different medical conditions from Plaintiff would not be relevant to this case.

Defendant object to Request for Production No. 6 because the information sought is not reasonably accessible. Fed.R.Civ.P. 26(b)(2)(B).

Defendant objects to Request for Production No. 6 because the subject documents are not relevant to the claim or defense of any party or the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). Because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the termination of other CSOs would not be relevant to this case. Furthermore, responsive documents relating to CSOs with different medical conditions from Plaintiff would not be relevant to this case.

Defendant objects to Request for Production No 6. to the extent that it seeks the production of any privileged information subject to the attorney-client communications and attorney work product privileges.

7.      All emails from 2000 to the present between USMS employees regarding medical disqualifications of CSOs based on failure to meet the hearing standard.

Defendant objects to Request for Production No. 7 as unduly burdensome and overly broad. Plaintiff's request is overly broad and unduly burdensome because it lacks the necessary specificity to perform a search of records. Instead, the request seeks email generated over an eight year span by any employee of the USMS on the general topic identified in the request. Furthermore, the general topic is overly broad because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the termination of other CSOs would not be relevant to this case.

Defendant object to Request for Production No. 7 because the information sought is not

reasonably accessible. Fed.R.Civ.P. 26(b)(2)(B).

Defendant objects to Request for Production No. 7 because the subject documents are not relevant to the claim or defense of any party or the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). Because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the medical status of other CSOs would not be relevant to this case. Furthermore, responsive documents relating to CSOs with different medical conditions from Plaintiff would not be relevant to this case.

Defendant objects to Request for Production No 7 to the extent that it seeks the production of any privileged information subject to the attorney-client communications and attorney work product privileges.

8.    All emails from 2000 to the present between any USMS employee and a member of the judiciary regarding medical disqualification of a CSO.

Defendant objects to Request for Production No. 8 as unduly burdensome and overly broad  Plaintiff's request is overly broad and unduly burdensome because it lacks the necessary specificity to perform a search of records. Instead, the request seeks email generated over an eight year span between any employee of the USMS and any member of the judiciary concerning the general topic of "medical disqualification of a CSO." Furthermore, the general topic is overly broad because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the termination of other CSOs would not be relevant to this case.

Defendant objects to Request for Production No. 8 because the subject documents are not relevant to the claim or defense of any party or the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). Because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the medical status of other CSOs would not be relevant to this case. Furthermore, responsive documents relating to CSOs with different medical conditions from Plaintiff would not be relevant to this case.

Defendant object to Request for Production No. 8 because the information sought is not reasonably accessible.  Fed.R.Civ.P. 26(b)(2)(B).

9.    All documents regarding the consideration of any FOH doctor about whether digital hearing aids should be permitted for hearing tests of CSOs. Note: This was identified in recent 30(b)(6) deposition.

Defendant is not aware of any responsive documents.

10.    All documents regarding the consideration of Dr. Lynn Cook about whether digital hearing aids should be permitted for hearing tests of CSOs. Note: This was identified in recent

30(b)(6) deposition.

*Defendant is not aware of any responsive documents.*

11.    All documents prepared by Dr. Lynn Cook regarding a medical disqualification of a CSO.

Defendant objects to Request for Production No. 11 because the subject documents are not relevant to the claim or defense of any party or the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). Defendant objects to Request for Production No. 11 because the subject documents are not relevant to the claim or defense of any party or the subject matter involved in the pending action. Fed.R.Civ.P. 26(b)(1). Because an individualized medical assessment was made before the Marshals Service determined that Plaintiff Ruiz was not medically qualified to continue as a CSO, information regarding the medical status of other CSOs would not be relevant to this case.

Defendant objects to Request for Production No. 11 because any responsive documents are subject to the Privacy Act.

Defendant objects to the Request for Production No. 11 because it seeks sensitive medical information; the disclosure of which would violate the general privacy interests of non-litigant, third parties. This privacy interest outweighs any probative value that the documents may have.

Without waiving the foregoing objections, Defendants will provide documents responsive to Request for Production No. 11 in redacted form.

Donald J. DeGabrielle, Jr.
United States Attorney

By:

JIMMY A. RODRIGUEZ
Assistant United States Attorney
Attorney in Charge
Texas Bar Number: 0024037378
P. O. Box 61129
Houston, Texas 77208
Phone: (713) 567-9532
Fax: (713) 718-3303

Of Counsel:

C. Joseph Carroll, Esq.
Office of the General Counsel
United States Marshals Service
United States Department of Justice

Washington, D.C.  20530-1000
Phone (202) 305-9573

## CERTIFICATE OF SERVICE

This will certify that the attached instrument was served on June 24, 2008, by fax on the following and sent via US mail:

John Griffin, Jr.
Marek, Griffin & Knapp
203 N. Liberty Street
Victoria, Texas 77901

Katherine L. Butler
Butler & Harris
1007 Heights Boulevard
Houston, Texas 77008

s/Jimmy A. Rodriguez
Jimmy Anthony Rodriguez
Assistant United States Attorney

Subject: RE: DOJ policy
Date: Sat, 5 Jul 2008 15:11:16 -0500
X-MS-Has-Attach:
X-MS-TNEF-Correlator:
Thread-Topic: DOJ policy
Thread-Index: Acje1p0+BwZc5t5QT5qti5BL3InuiAABAUPg
From: "Rodriguez, Jimmy (USATXS)" <Jimmy.Rodriguez2@usdoj.gov>
To: "John W. Griffin, Jr." <jwg@lawmgk.com>
Cc: <kabutler@igc.org>
X-OriginalArrivalTime: 05 Jul 2008 20:11:19.0292 (UTC) FILETIME=[49881BC0:01C8DEDB]
X-Proofpoint-Virus-Version: vendor=fsecure engine=1.12.7160:2.4.4,1.2.40,4.0.166
definitions=2008-07-04_05:2008-07-04,2008-07-04,2008-07-05 signatures=0
X-Proofpoint-Virus-Version: vendor=fsecure engine=4.65.7161:2.4.4,1.2.40,4.0.164
definitions=2008-07-05_01:2008-07-04,2008-07-04,2008-07-05 signatures=0
X-Nonspam: None
X-Antivirus: AVG for E-mail 8.0.134 [270.4.5/1533]

I'll have to get back to you on the medical files.

Yes, go ahead and send out the notice for Dr. Chelton.  How long do you
anticipate the depo lasting (I need to make flight arrangements)?

I am going to send out notices for Mr. Ruiz and Dr. Flyger on Monday.

--Jimmy

-----Original Message-----
From: John W. Griffin, Jr. [mailto:jwg@lawmgk.com]
Sent: Saturday, July 05, 2008 2:23 PM
To: Rodriguez, Jimmy (USATXS)
Cc: kabutler@igc.org
Subject: Re: DOJ policy

Thanks.  What is the good word on the updated medical files on CSOs?
And if okay with you I will send out the notice for Dr. Chelton for
10 am in Atlanta on July 15th at one of the conference rooms in the
terminal.  Thanks.  John

At 01:23 PM 7/5/2008, you wrote:
>Please find letter and document attached.
>
>Jimmy A. Rodriguez
>Assistant United States Attorney
>Southern District of Texas
>919 Milam, Suite 1500
>P.O. Box 61129
>Houston, TX 77208
>713.567.9532 (tel)
>713.718.3303 (fax)
>
>

To: "Rodriguez, Jimmy (USATXS)" <Jimmy.Rodriguez2@usdoj.gov>
Subject: Call me

Jimmy, what is going on with the trial date? And is your client firm in not producing the CSO
FOH files like they gave us in Gunnels? Call me. John


John W. Griffin, Jr.
Marek, Griffin & Knaupp
The McFaddin Building
203 N. Liberty Street
Victoria, Texas 77901
(361) 573-5500
(361) 573-5040 (facsimile)
www.lawmgk.com

**Rodriguez, Jimmy (USATXS), 10:54 AM 8/11/2008, RE: Are you hibernating  or working on your msj?**

To: "Rodriguez, Jimmy (USATXS)" <Jimmy.Rodriguez2@usdoj.gov>
From: "John W. Griffin, Jr." <jwg@lawmgk.com>
Subject: RE: Are you hibernating  or working on your msj?
Cc: kabutler@igc.org
Bcc:
Attached: N:\Clients\JOHN\Closed Files\Gunnels\TNB-scans\Pleadings\2004-03-18 Protective
Order (Privacy Act & HIPPA).pdf; N:\Clients\JOHN\Closed Files\Gunnels\TNB-
scans\Pleadings\Vol 1\40 - Confidentiality Agreement & PO 10-29-03.pdf;


Gunnels protective orders. JG


John W. Griffin, Jr.
Marek, Griffin & Knaupp
The McFaddin Building
203 N. Liberty Street
Victoria, Texas 77901
(361) 573-5500
(361) 573-5040 (facsimile)
www.lawmgk.com

To: "Rodriguez, Jimmy (USATXS)" <Jimmy.Rodriguez2@usdoj.gov>
Subject: CSO medical disqualification files
Cc: kabutler@igc.org,rsoliz@lawmgk.com
X-Attachments: N:\Clients\JOHN\Allmond\Med-Docs-Fm-Gunnels-Case\Hearing-20020923-
Badgley-(Chelton).pdf;

Jimmy, in the Gunnels case, the Court ordered the USMS to produce the FOH files on the files
of CSOs who were medically disqualified. Jose Vela, the AUSA supplied us the boxes of these
files, and we still have them.  But the USMS has not supplied the FOH files on CSOs who were
disqualified *after* January 1, 2004.  I attach one such file,just so you know what we are
seeking.  Thanks.  John


At 04:22 PM 7/1/2008, you wrote:
> 10am in DC
>
> Have you and Kathy agreed to the schedule that I proposed last Thursday?    If so, I will book
> my travel as well.
>
> Thanks,
>
> --Jimmy
>
> **From:** John W. Griffin, Jr. [mailto:jwg@lawmgk.com]
> **Sent:** Tuesday, July 01, 2008 11:26 AM
> **To:** Rodriguez, Jimmy (USATXS)
> **Cc:** kabutler@igc.org
> **Subject:** Re: [SPAM] RE: Depositions in Ruiz
>
> What time are we deposing Dr. Cook on the 24th?  JG
>
>
> No virus found in this incoming message.
> Checked by AVG.
> Version: 8.0.101 / Virus Database: 270.4.3/1528 - Release Date: 7/1/2008 7:26 AM


John W. Griffin, Jr.
Marek, Griffin & Knaupp
The McFaddin Building
203 N. Liberty Street
Victoria, Texas 77901
(361) 573-5500
(361) 573-5040 (facsimile)
www.lawmgk.com