IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RAMUNDO RUIZ, | § | |
| | § | |
| v. | § | C.A. NO. 6:07-CV-56 |
| | § | |
| U.S. PROTECT, ET AL. | § | |

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>**

This is a civil action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, <u>et</u> <u>seq.</u>, and the Rehabilitation Act, 29 U.S.C. § 701, <u>et</u> <u>seq</u>. Pending is plaintiff's motion to compel discovery responses. (D.E. 71). For the reasons set forth below, the plaintiff's motion is GRANTED.

## I. BACKGROUND

Plaintiff Ramundo Ruiz has sued both U.S. Protect and Michael Mukasey for unlawful employment discrimination by the United States Marshals Service ("USMS") pursuant to the ADA and the Rehabilitation Act.[1] He alleges that defendants unlawfully terminated his employment by using a qualification standard that screens out the disabled. (D.E. 40, at ¶ 13). Specifically, he complains that the hearing test required by defendants is discriminatory because although court security officers ("CSOs") are allowed to wear hearing aids on the job, they are not allowed to wear them during the hearing test. <u>Id.</u> at ¶ 12-13.

Plaintiff alleges that defendants violated the ADA by using qualifications that tend to screen out the disabled. <u>Id.</u> at ¶ 16. He asserts that he is an individual with a disability as defined by the ADA both because he has an actual disability and because he was regarded as having such a

---

[1] On March 27, 2008, proceedings were stayed as to defendant U.S. Protect following the institution of bankruptcy proceedings against U.S. Protect. (D.E. 55).

disability by defendants. Id. He further alleges that the testing criteria are neither job related nor justified by business necessity. Id. at ¶ 15. On August 12, 2008, defendant filed a motion for summary judgment asserting, *inter alia*, that the hearing standard employed by the USMS is justified by business necessity. (D.E. 74, at 15).

## II.  PLAINTIFF'S MOTION TO COMPEL

Plaintiff seeks (1) the Federal Occupational Health records regarding the medical qualification of CSOs from 2004 to the present; and (2) the Federal Occupational Health records of CSOs identified as having medical-based performance issues on the job during the same period. He has sought these documents through Rule 30(b)(6) document requests, interrogatories, and requests for production. (D.E. 71; D.E. 83, at 2; D.E. 84). Plaintiff specifically sought these records in its Second Set of Requests for Production, served on defendants on June 24, 2008. (D.E. 84, at 13-23). Defendant Michael Mukasey[2] filed a response challenging the plaintiff's motion on the grounds (1) that the motion is untimely; (2) that plaintiff waived the right to compel discovery based on the Rule 30(b)(6) deposition notice because he agreed to accept the response in the form of interrogatory answers; (3) that the records sought is not relevant; and (4) that producing the records would unduly burden the privacy interests of third parties.

On April 25, 2008, plaintiff served a notice of deposition on the defendant pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (D.E. 71, at 3). The notice described several topics for examination. (D.E. 83, Ex. A, at 5). Topic 5 of the notice requested information about "[t]he specific basis for each medical disqualification of a Court Security Officer from 2000 to the

---

[2] Defendant in the singular used throughout this order references defendant Michael Mukasey.

present." Id.  This topic was accompanied by a request for "[a]ny documents evidencing the specific basis for the medical disqualification." Id.  Topic 6 of the notice requested documents about "[a]ny work-related problems caused by medical conditions (such as diabetes, heart disease, hypertension) that have arisen in the course of performing the essential job functions of Court Security Officers from 2000 to the present." Id.  This topic was accompanied by a request for "[a]ny documents evidencing work-related problems caused by conditions that have arisen in the course of CSO job performance." Id.

On May 8, 2008, defendant notified plaintiff that it objected to these topics on several grounds, including that the requests "require[d] detailed information that is more appropriately the subject of an interrogatory rather than a 30(b)(6) deposition." (D.E. 83, at 2).  On May 13, 2008, the plaintiff sent defendant a letter explaining that "we would be happy to receive this information in the form of interrogatory answers – as you propose in your final objection." (D.E. 83, Ex. B, at 2).  He also noted in the same letter, however, that "to date, you have not answered our interrogatories that requested this same information." Id.  On May 16, 2008, defendant responded that "[w]ithout waiving any objection, Defendant will agree to respond to Topics 5 and 6 by providing the requested information ... in the form of interrogatory answers." (D.E. 83, Ex. C, at 1).  Defendant provided interrogatory answers to Topics 5 and 6 at the deposition on June 18, 2008. (D.E. 83, at 2).

On June 24, 2008, plaintiff served a Second Set of Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure, requesting the medical records of disqualified CSOs, including those of several identified CSOs. (D.E. 84, at 17-18).  On July 24, 2008, Defendant notified the plaintiff that it objected to the request on privacy and relevancy grounds.

Id.  On July 25, 2008, plaintiff apparently wrote to defendant in an attempt to resolve the discovery dispute regarding medical files.  (D.E. 83, Ex. D, at 1).[3]  On August 1, 2008, defendant replied to plaintiff proposing a compromise by which the defendant would provide redacted medical records for persons identified as having any hearing-related problem.  (D.E. 83, Ex. D, at 1).  On August 11, 2008, plaintiff filed the pending motion to compel discovery.  On August 26, 2008, oral argument was held regarding the motion to compel.

### III.  DISCUSSION

**A.     Plaintiff's Motion Is Not Untimely Despite The Discovery Deadline.**

Rule 37 of the Federal Rules of Civil Procedure does not establish any deadline for filing a motion to compel.  See Fed. R. Civ. P. 37; see also Days Inn Worldwide, Inc. v. Sonia Investments, 237 F.R.D. 395, 396 (N.D. Tex. 2006).  "Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite discovery through a scheduling order."  Turnage v. Gen. Elec. Co., 953 F.2d 206, 208 (5th Cir. 1992).  This Court has broad discretion in managing discovery matters.  Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 220 (5th Cir. 2000).  The "[e]xercise of *sound* discretion, however, requires that a court not enforce its scheduling order deadline rigidly and without regard to underlying facts."  Blackboard Inc. v. Desire2Learn, Inc., No. 09-CV-155, 2007 WL 3389968, at *3 (E.D. Tex. Nov. 14, 2007) (unpublished) (emphasis in original) (citing Days Inn Worldwide, 237 F.R.D. at 398).

This action is governed by a scheduling order, which set the deadline for completion of discovery as July 27, 2008.  (D.E. 46, at 1).  The scheduling order in this case permits the parties

---

[3] This letter, although referenced in defendant's August 1, 2008 letter to plaintiff, was attached neither to plaintiff's motion nor defendant's response, nor was it filed with the exhibits requested by the Court at the August 26, 2008 hearing.

4

to continue discovery past the deadline by agreement, but states that "there shall be no intervention by the Court except in extraordinary circumstances." Id. Plaintiff's instant motion was not filed until August 11, 2008, two weeks after the discovery deadline had passed. (D.E. 71).

A number of court have held that it is within a district court's discretion to deny a motion to compel where the discovery deadline has passed. See Days Inn Worldwide, 237 F.R.D. at 397-98 (collecting cases). However, the passing of the discovery deadline does not necessarily render a motion to compel filed after that date untimely. See McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP, 243 F.R.D. 1, 11 (D.D.C. 2007); see also Sequoia Prop. v. United States, 203 F.R.D. 447, 450-51 (E.D. Cal. 2001) (motion to compel filed after discovery deadline passes should be denied unless good cause for the delay is established). The Days Inn Worldwide court identified several factors that courts consider in deciding whether to grant or deny a motion filed after the discovery deadline has passed:

> (1) [T]he length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) [sic] the age of the case, (8) any prejudice to the party from whom late discovery was sought, (9) disruption of the court's schedule.

Days Inn Worldwide, 237 F.R.D. at 398.

At oral argument, defense counsel relied on Days Inn Worldwide to support its position. In that case, the court had extended the discovery deadline to May 31, 2006 from April 1, 2006, on the parties' unopposed motion. Id. at 396. On June 15, 2007, two weeks after the discovery deadline had passed, a third-party plaintiff filed a motion to compel. Id. The court noted that the motion to compel had been filed "two weeks after the discovery deadline, even though the

discovery deadline has been twice extended in this case." Id. at 398.  Moreover, "[t]he motion was filed ten months after the responses were filed, nine and a half months after the documents were produced, and six months after the deposition." Id.  The court further noted that the movant "present[ed] no explanation for this delay." Id.  The court explained that "if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril." Id. (quoting Wells v. Sears Roebuck & Co., 203 F.R.D. 240, 241 (S.D. Miss. 2001)) (internal quotation marks omitted).  The court reasoned that the "[movant] could not reasonably have expected to obtain those documents prior to his summary judgment response, and no argument was presented concerning a need for the documents in order to file a response." Id.

In Blackboard, the court granted a motion to compel discovery that was filed after the discovery deadline, applying a similar analysis to that in Days Inn Worldwide.  In that decision, the motion to compel was filed "less than two weeks after the discovery period closed[.]"  2007 WL 2289968, at *3.  Moreover, the court noted that the opposing party was "on notice by October 11 (before the close of discovery) that Blackboard planned to file a Motion to Compel in the event that the requested documents were not produced." Id.  In addition, "[t]he parties were conferring on the discovery issue throughout October.  Blackboard courteously provided Desire2Learn additional time to produce the requested documents before seeking court intervention." Id.  The court noted that "[t]his commendable attempt to reach an agreement seems to be the only reason this motion was not filed before October 17 [the close of the discovery deadline]." Id.  Thus, the court reasoned, it would "not penalize Blackboard for attempting to first resolve discovery disputes without resorting to court intervention." Id.

In <u>McFadden</u>, the court rejected an argument similar to defendant's position, explaining that although the motion to compel came after the discovery deadline, "it seeks to compel answers and documents that were demanded during the discovery period." 243 F.R.D. at 11. "Indeed, if such a motion could not be filed after the discovery period, it would create an incentive to delay responses and then 'run out the clock.'" <u>Id.</u>

Here, the situation presented in this discovery dispute is more analogous to that in <u>McFadden</u> and <u>Blackboard</u> as opposed to <u>Days Inn Worldwide</u>. While this motion was filed two weeks after the discovery deadline, the plaintiff waited only two weeks after receiving inadequate responses from the defendant before filing his motion to compel – far less than the ten-month period during which the movant in <u>Days Inn Worldwide</u> sat on his rights without acting. The records sought by plaintiff was requested by various means beginning as early as April 25, 2008, when the Rule 30(b)(6) notice was served on the defendants; the defendant answered the topics in the form of interrogatory answers, as agreed, but responded with a spreadsheet, which failed to adequately respond to plaintiff's request.[4] Plaintiff then attempted to obtain the documents by means of a request for production served on defendants on June 24, 2008, more than a month before the discovery deadline passed. (D.E. 84, at 23; D.E. 83, at 2). Thus, like the discovery sought in <u>McFadden</u>, the records in this dispute was sought before discovery ended. Defendant objected to plaintiff's requests on the grounds of privacy and relevancy on July 24, 2008, just three days before the discovery deadline passed. (D.E. 84, at 16). Therefore, denying this motion to

---

[4] This spreadsheet was attached neither to plaintiff's motion nor to defendant's response and was not filed with the other exhibits requested by the Court at the August 26, 2008 hearing. Nevertheless, a spreadsheet, which presumably would contain a summary of records, was unresponsive to plaintiff's request for detailed information.

7

compel would allow the defendants to "run out the clock" as warned by the McFadden court, and thereby avoid producing relevant documents.

Plaintiff also asserted at oral argument that he required the documents requested to respond to defendant's motion for summary judgment. The movant in Days Inn Worldwide made no such argument. 237 F.R.D. at 398. The parties agreed that the documents requested could reach the plaintiff with adequate time to review the material before the plaintiff's response to the motion for summary judgment is due on September 11, 2008. Thus, the material sought would be helpful to the disposition of the case and the requested discovery would not interfere with the court's schedule. Plaintiff is not requesting a continuance to respond to defendant's motion for summary judgment.

Finally, the Court's scheduling order permits the parties to continue discovery past the deadline "by agreement." (D.E. 46, at 1). On August 1, 2008, defendant sent plaintiff a letter in which it thanked plaintiff for "allowing us the opportunity to resolve this matter without involving the Court." (D.E. 83, Ex. D, at 1). In the letter, defendant proposed a compromise by which the documents requested would be produced in a redacted form. It is apparent that the parties attempted to resolve their discovery dispute without involvement of the Court, as allowed by the scheduling order. Because this compromise was never reached, the instant motion was filed. As in Blackboard, this Court will not penalize plaintiff for first attempting to resolve this discovery dispute without the involvement of the court.

**B.      Plaintiff Has Not Waived His Right To Compel These Documents From Defendant.**

Defendant also argues in its response that plaintiff has waived his right to compel discovery based on the Rule 30(b)(6) notice because he agreed to accept the response in the form

of an interrogatory answer. However, it is clear that plaintiff's motion to compel is based on defendant's inadequate response in its interrogatory answers and on defendant's failure to provide documents requested in plaintiff's Second Request for Production. Plaintiff's agreement to accept the response requested in the Rule 30(b)(6) notice in the form of an interrogatory answer did not waive his right to file a motion to compel where defendant's responses were inadequate to answer that request.

To the extent that defendant appears to argue that the documents requested in response to the interrogatory answer and the request for production are duplicative, he is correct. Both discovery requests seek the same records. However, defendant has not produced anything in response to either request. Thus, because defendant has failed to adequately respond to either request, it may be compelled to produce the documents.

**C.      The Records Requested Are Relevant.**

Discovery has a broad scope: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Defendant here claims that the records requested by plaintiff "would not help plaintiff prove his claims." (D.E. 83, at 4). He argues that plaintiff seeks the medical records regarding qualification of CSOs and the records of persons identified as having on-the-job problems related to their medical condition "ostensibly in the pursuit of showing that Plaintiff suffered unlawful discrimination because of a hearing impairment." Id. However, Rule 26 provides that a party may discover material relevant to "*any* party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). In this case, it is clear that plaintiff seeks discovery material relevant to defendant's affirmative defense of business necessity.

The ADA defines "discrimination" to include the use of tests or standards that tend to screen out an individual or class of individuals with a disability, if the screening criteria used "is shown to be job related for the position in question and is consistent with business necessity." 42 U.S.C. § 12112(b)(6); see also 42 U.S.C. § 12113(a). "[W]here an employer has developed a standard applicable to all employees of a given class," the employer "may defend the standard as a business necessity." EEOC v. Exxon Corp., 203 F.3d 871, 875 (5th Cir. 2000). The employer bears the burden of establishing this defense. Riel v. Data Sys. Corp., 99 F.3d 678, 682-83 (5th Cir. 1996).

The Fifth Circuit has held that courts should consider the magnitude of possible harm and the probability of its occurrence in determining whether the defense applies to a safety-related qualification standard. EEOC v. Exxon Corp., 230 F.3d at 875. "The acceptable probability of an incident will vary with the potential hazard posed by the particular position: a probability that might be tolerable in an ordinary job might be intolerable in a job involving atomic reactors, for example." Id. Thus, "the probability of an occurrence is discounted by the magnitude of its consequences." Id.

Defendant has raised the argument that the hearing standard challenged in this case is justified by business necessity due to the high magnitude of harm that would be caused by a breach of courthouse security. (D.E. 74, at 18). Thus, the burden is on the defendant to prove that its hearing standard is consistent with its beliefs about risk and courthouse security. The documents plaintiff seeks to discover bear on the risk tolerated by defendant both with respect to hearing and other medical conditions, and therefore are relevant to defendant's claim of business necessity.

Defendant has already produced Federal Occupational Health records covering the period

from 2001 to 2004, which were produced in Gunnels v. Akal Security, Inc., et al., C-02-CV-132, indicating that defendant knew such records to be relevant. Plaintiff merely asks for updates to those documents with records from 2004 to the present, as it is the current standard and current conditions of defendant's business that are most relevant in this litigation. These documents are clearly relevant to the defendant's claim of business necessity, and therefore discoverable.

**D.     The Privacy Interests of Third Parties Can Be Adequately Protected By A Protective Order.**

The defendant's concern regarding the privacy interests of third parties is well taken. As the Supreme Court has discussed, "[i]t is clear from experience that pretrial discovery ... has a significant potential for abuse." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). "This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties." Id. at 34-35. Thus, "[t]he government clearly has a substantial interest in preventing this sort of abuse of its processes." Id. at 35 (citations omitted). Medical records are "well within the ambit of materials entitled to privacy protection." United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir. 1980).

In this case, plaintiff's request for medical records is sweeping and involves a number of persons not involved in the litigation of this case. The documents sought are relevant to his claim that the standard imposed by the defendant is not job-related, but plaintiff's interest in discovering relevant information must be balanced against the harm to third parties in disclosing their confidential medical records.

Here, however, the parties agreed at the August 26, 2008 hearing that a protective order similar to the order issued in Gunnels would adequately protect the privacy interests of such third parties. A protective order that prevents the disclosure of confidential or sensitive information

11

adequately protects the interests of a litigant or a third party.  See, e.g., United States v. Chevron U.S.A., Inc., 186 F.3d 644, 650-51 (5th Cir. 1999) (upholding a protective order which was interpreted by the parties as preventing the disclosure of confidential information to third parties outside the context of litigation).  Accordingly, a protective order will be issued separately.  Thus, allowing the plaintiffs to discover the records requested, subject to such a protective order, would adequately balance the interests of the plaintiff in discovering relevant information against the privacy concerns of third parties.

## IV. CONCLUSION

For the reasons set forth above, plaintiff's motion to compel discovery, (D.E. 71), is hereby GRANTED. Accordingly, defendant is ORDERED, subject to the Protective Order, to produce (1) the Federal Occupational Health records regarding the medical qualification of CSOs from 2004 to the present; and (2) the Federal Occupational Health records of CSOs identified as having medical-based performance issues on the job during the same period, as requested in plaintiff's June 24, 2008 Second Set of Requests for Production, no later than close of business Friday, September 5, 2008.

ORDERED this 29th day of August 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE