IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

RAMUNDO RUIZ,                          §
                                       §
v.                                     §          C.A. NO. 6:07-CV-56
                                       §
U.S. PROTECT, ET AL.                   §

## PROTECTIVE ORDER

This is a civil action filed pursuant to the Americans with Disabilities Act, 42 U.S.C.

§ 12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 701, et seq.  Upon agreement of the

parties, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; the Privacy Act of 1974

("Privacy Act"), 5 U.S.C. § 552a(b)(11); and the Health Insurance Portability and Accountability

Act of 1996 ("HIPPA"), 42 U.S.C. § 1320d, et seq., and fully advised of the premises hereby finds

that in order to permit plaintiff Ramundo Ruiz to discover from the United States Marshals Service

through defendant Michael Mukasey information relevant to the subject matter of this case, this

Protective Order is necessary and appropriate.  In accordance with Rule 26(c) of the Federal Rules

of Civil Procedure, the Privacy Act, and HIPPA, this Court hereby orders as follows:

1.     This Protective Order shall apply to all medical files of Court Security Officers,

       incumbents and applicants, including those identified in plaintiff's Second Set of

       Requests for Production.

2.     The records described above that is produced by defendant Michael Mukasey in

       response to plaintiff's request shall be deemed "confidential information," subject to

       the terms of this Protective Order.

3.     All such confidential information shall be used solely in connection with the

       preparation and trial of litigation in the cause of action, Civil Action Number V-07-

56, against defendant Michael Mukasey.  All such confidential information may be made available for similar lawsuits by and among similar parties subject to the following conditions:

    (a)    if a party or a party's counsel intends to use such information in a similar lawsuit by and among similar parties, advance notice of intention to disclose must be provided at least ten days prior to disclosure, to the party who provided the confidential information, and

    (b)    upon receiving written notice of the intended use of the confidential information, the party who produced the confidential information may file an objection and request a Protective Order from the Court.

4.    The confidential information shall not be disclosed by plaintiff (or his counsel) and/or defendant's representatives (or its counsel) to any natural person, corporation, partnership, firm, or association whatsoever, except to:

    (a)    any counsel who have filed appearances on behalf of a party in litigation against defendant Michael Mukasey;

    (b)    any counsel (in-house or retained) for the plaintiff or defendant assisting with the preparation and trial of litigation against defendant Michael Mukaskey;

    (c)    employees of such counsel who have direct responsibility for assisting such counsel in the preparation and trial of such

2

action;

    (d)     experts of a party who have direct responsibility for assisting counsel in the preparation and trial of such action;

    (e)     court reporters transcribing depositions in such action;

    (f)     deponents at the time of a deposition or witnesses before and during the trial;

    (g)     any jury in such action;

    (h)     the trial or appellate courts and their respective staffs.

5.     Nothing in this Protective Order shall limit any party's ability to offer any material designated as confidential into evidence at any judicial proceeding in this action.

6.     No party shall mention this Protective Order or its contents, including any allegation that plaintiff sought confidential information during discovery in front of any jury called for trial.

7.     Nothing in this Protective Order is intended to or shall be deemed to restrict or limit plaintiff or defendant, or their respective affiliates or assigns, from any use or disclosure of their own confidential documents and/or information.  Unless otherwise deemed by a court of competent jurisdiction, any use by plaintiff or defendant or their affiliates or assigns of their own confidential documents and/or information or the information contained therein shall in no way be construed as a waiver of the obligations hereunder or the confidentiality of such documents and/or information.

8.     Upon the final conclusion of this lawsuit, the obligation to maintain the

confidentiality of confidential documents and/or information or any information contained therein, shall continue with respect to all such information in the possession of plaintiff, defendant, and non-parties to whom confidential documents and/or information were disclosed, until such time as the information is either returned to the disclosing party or destroyed through regular business practices. This paragraph will not apply to confidential documents and/or information that may be made available for similar lawsuits pursuant to paragraph 3.

9.    Confidential documents and/or information shall not be disclosed to any person under paragraph 4(d) or 4(f) unless and until such person has agreed in writing to be bound by the terms of this Protective Order.  The requirement of obtaining such written agreement shall be satisfied by obtaining the signature of the person who has agreed to be bound by the terms, with date of the agreement, at the foot of a copy of this Protective Order.  The party who obtains such an agreement must then retain a copy of the signed Protective Order until the final conclusion of this lawsuit.

ORDERED this 29th day of August 2008.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

4