UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| Ramundo Ruiz, | § | CIVIL ACTION NO. 6:07-CV-56 |
| Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| U.S. Protect and Michael Mukasey, | § | |
| Attorney General of the United States, | § | |
| Defendants | § | A JURY IS DEMANDED |

**Plaintiff's Proposed Jury Instructions**

Plaintiff Ramundo Ruiz filex this set of proposed jury instructions as a convenience to the

Court, and does not waive the right to later modify or request modification of these proposed

admonitory instructions, questions, definitions, and instructions as may be appropriate under

subsequent Court rulings, the controlling law, and the evidence admitted at trial.

Respectfully submitted,

/s/ John Griffin

**John Griffin**
Federal I.D. No. 2238
State Bar No. 08460300
203 North Liberty Street
Victoria, Texas  77901
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

Katherine L. Butler
Federal I.D. No. 4734
State Bar No. 03526300
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
Fax (713) 526-5691

**Attorney in charge for Plaintiff**

**Certificate of Service**

      I certify that a true and correct copy of this document has been served upon the defendant via the electronic filing system of the United States District Court for the Southern District of Texas on September 15, 2008.

                   /s/ Katherine L. Butler

**General Charge to the Jury**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.]  [You have heard the closing arguments of the attorneys.]  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  [Do not decide who you think should win and then answer the questions accordingly.]  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony

3

and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory;  and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence

4

you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

5

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.]

**Source:** Fifth Circuit Pattern Jury Charge (5th PJC) 3.1 (General Instructions)

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____          _____

Date                    U.S. District Court Judge Hudspeth

**Proposed Instruction No.1**

Now the Instructions will focus on the particular matters of law that apply to the claims on trial in this lawsuit.

As you recall from the Preliminary Instructions I gave you at the beginning of the trial, the Plaintiff Ramundo Ruiz contends that the Defendant terminated his employment as a Court Security Officer in violation of the Rehabilitation Act. The Rehabilitation Act makes it unlawful to terminate a qualified individual with a disability because of the individual's disability. In this case, the Defendant has admitted that it decided to remove the Plaintiff from his job because of his hearing ability, but it denies that he is a qualified individual with a disability.

To succeed in this case, the Plaintiff must prove two things (which are sometimes called elements) by a preponderance of the evidence:

1. That at the time of his termination, he had a "disability"; and

2. That regardless of the disability, he was "qualified" to perform the job of Court Security Officer.

3. Defendant removed him from his job because of his disability.

Plaintiff does not have to prove that his disability was the only reason Defendant decided to remove him from his job.

If you disbelieve the reason Defendant has given for its decision, you may infer Defendant removed Plaintiff from his job because of his disability.

If you find that the Plaintiff proved these three things by a preponderance of the evidence, you should return a verdict in his favor. On the other hand, if you find that the Plaintiff failed to

prove either of these two elements by a preponderance of the evidence, your verdict should be in favor of the Defendant.

The important terms such as "disability," "qualified" and others will be explained in later Instructions.

**Source:** 5th Pattern Jury Charge (PJC) 11.8.1; *Branham v. Snow*, 1:01-cv-0152-JDT-WTL (S.D. Ind. 2006)(final jury instructions).


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____          _____
Date                         U.S. District Court Judge Hudspeth

**Proposed Instruction No.2**

As I just mentioned, the first element that the Plaintiff must prove is that at the time of termination, he had a "disability."  Under the Rehabilitation Act, the term "disability" means (A) a physical or mental impairment that "substantially limits" a major life activity; or (B) a record of such an impairment; or (C) being regarded as having such an impairment. The Plaintiff may prevail by showing that he had a disability under any one of these three definitions.

To establish a disability under definition (A), the Plaintiff must show, by a preponderance of the evidence, that his hearing ability "substantially limits" one or more of his "major life activities."  In deciding whether Plaintiff is substantially limited in a major life activity, you should consider these factors:

(1) the nature and severity of the impairment;

(2) how long the impairment is expected to last;

(3) the permanent or long-term impact, or expected permanent or long-term impact of or resulting from the impairment.

To establish a disability under definition (B), the Plaintiff must show, by a preponderance of the evidence, that he has a history of, or the defendant has misclassified <u>him</u> as having a hearing impairment that substantially limits one or more major life activities. In deciding whether the defendant misclassified the Plaintiff, you should consider what the defendant's employment records about the Plaintiff say about his hearing.

To establish a disability under definition (C), the Plaintiff must show, by a preponderance of the evidence, that he (i) has a hearing impairment that does not substantially limit major life activities, but the Defendant treats him like he does have a substantially limiting impairment; or

9

(ii) has a hearing impairment that substantially limits one or more major life activities, but only because of the attitudes of others toward the impairment; or (iii) has no actual impairment at all, but is treated by the defendant as having a substantially limiting impairment.

All of these definitions of disability use the term "major life activity." Hearing is considered a "major life activity."  The Plaintiff says that his hearing ability "substantially limits" the major life activity of hearing.  The term "substantially limits" means that a person (1) is unable to perform a major life activity that the average person in the general population can perform; or (2) is significantly restricted as to the condition, manner or duration under which he can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the major life activity.

**Source:** 5th PJC 11.8.1; 29 C.F.R. § 1630.2(g) & (i)-(l); *Branham v. Snow*, 1:01-cv-0152-JDT-WTL (S.D. Ind. 2006)(final jury instructions).


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____          _____
Date                         U.S. District Court Judge Hudspeth

10

**Proposed Instruction No.3**

As previously described in Final Jury Instruction _____, the second element that the Plaintiff must prove is that regardless of the disability, he was "qualified" to perform the job of Court Security Officer.  To do so, the Plaintiff must prove by a preponderance of the evidence that:

(1)     he had the skill, experience, education, and other requirements for the job; and

(2)     he could perform the "essential functions" of the job, either with or without a "reasonable accommodation."

You should only consider whether the Plaintiff was qualified as of the time <u>of</u> his termination from the Court Security Officer position.


**Source:** 5th PJC 11.8.1(10)(*citing Kapche v. City of San Antonio*, 176 F.3d 840, 843 (5th Cir. 1999)); 29 C.F.R. § 1630.2(m); *Branham v. Snow*, 1:01-cv-0152-JDT-WTL (S.D. Ind. 2006)(final jury instructions).


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____          _____
Date                           U.S. District Court Judge Hudspeth

11

### Proposed Instruction No.4

The "essential" functions of a position are the fundamental job duties of that position. Not all job functions are "essential."  The term essential functions does not include the marginal functions of the position.

In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees that were available to do that kind of work, the degree of specialization the job requires, the Defendant's judgment about what is required, the amount of time spent on the job performing that function, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

No one factor is necessarily controlling.

**Source:** 5th PJC 11.8.1(11); *Branham v. Snow*, 1:01-cv-0152-JDT-WTL (S.D. Ind. 2006)(final jury instructions)

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____

_____        _____
Date                U.S. District Court Judge Hudspeth

12

**Proposed Instruction No.5**

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered.  Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.  If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct. If your verdict is in favor of the Plaintiff, you may award compensatory damages only for injuries that the Plaintiff has proved by a preponderance of the evidence were caused by the Defendant's wrongful conduct.

The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less.  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Compensatory damages include both the actual loss of money and the value of the physical and mental aspects of injury, even if they are not easy to measure. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

13

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: (1) economic damages: lost wages and lost benefits; and (2) mental anguish.

The amount of economic damages is determined by calculating the amount that would have been earned from the date the plaintiff's employment was terminated to the date you, the jury, return a verdict.

When considering the amount of monetary damages for mental anguish to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life he felt. You must also consider its extent or duration, as any award you make must cover the damages the plaintiff endured since the termination to the present time, and even into the future if you find as fact that the evidence presented justifies the conclusion that his emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

No evidence of the dollar value of physical, mental, or emotional pain and suffering has been or needs to be introduced.  You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

14

**Source:** 5th PJC 15.2 and 15.4; *Branham v. Snow*, 1:01-cv-0152-JDT-WTL (S.D. Ind. 2006)(final jury instructions)


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____          _____

Date          U.S. District Court Judge Hudspeth

**Proposed Instruction No.6**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other Instructions.

**Source:** 5th PJC 15.1; *Branham v. Snow*, 1:01-cv-0152-JDT-WTL (S.D. Ind. 2006)(final jury instructions)

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____          _____
Date                          U.S. District Court Judge Hudspeth

16

## **Proposed Interrogatories**

### **Proposed Interrogatory No.1**

Was Plaintiff a qualified individual with a disability?

Answer "Yes" or "No"

_____

If you answered "Yes" to Interrogatory No.1, then answer the following Interrogatory:

**Source:** 5th PJC 11.8.1

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____          _____
Date                        U.S. District Court Judge Hudspeth

17

**<u>Proposed Interrogatory No.2</u>**

Did the Defendant remove Plaintiff from his job because Plaintiff has a disability?

Answer "Yes" or "No"

_____

If you answered "Yes" to Interrogatory No.2, then answer the following Interrogatory:


**Source:** 5th PJC 11.8.1


GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____


_____          _____
Date                        U.S. District Court Judge Hudspeth

**Proposed Interrogatory No.3**

What sum of money, if paid now in cash, would fairly and reasonably compensate the plaintiff for his damages, if any, that resulted from the defendant's discriminatory termination?

a. Economic Damages and Employment Benefits

Answer in dollars and cents, if any.    Answer:        $_____

b. Compensatory damages in the past.

Answer in dollars and cents, if any.    Answer:        $_____

c. Compensatory damages in the future.

Answer in dollars and cents, if any.    Answer:        $_____

GIVEN_____          GIVEN AS MODIFIED_____          REFUSED_____

_____          _____
Date                      U.S. District Court Judge Hudspeth