# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **Ramundo Ruiz,** | § | CIVIL ACTION NO. 6:07-CV-56 |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| **U.S. Protect and Michael Mukasey,** | § | |
| **Attorney General of the United States,** | § | |
| | § | |
| **Defendants** | § | **A JURY IS DEMANDED** |

## Plaintiff's Proposed Voir Dire Questions

Plaintiff Ramundo Ruiz respectfully submits the attached questions for the voir dire examination of the jury, and he respectfully requests the opportunity of examining the panel in this important case.

Respectfully submitted,

s/ John Griffin
Federal I.D. No. 2238
State Bar No. 08460300
203 North Liberty Street
Victoria, Texas  77901
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

**Attorney in charge for Plaintiff**

Katherine L. Butler
Federal I.D. No. 4734
State Bar No. 03526300
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677

Fax (713) 526-5691

**Certificate of Service**

      I certify that a true and correct copy of this document has been served upon defendants via the electronic filing system of the United States District Court for the Southern District of Texas on September 15, 2008.

      /s/ Katherine L. Butler

1. Both Mr. Ruiz and Michael Mukasey and the United States Marshal's Service are entitled to have this case heard by a fair and impartial jury. If you have personal experience or special knowledge about an issue in this case, you might find it difficult to be a fair and impartial juror in this particular case. For example, if you or someone close to you lost a child in a car wreck caused by a drunk driver, you would understandably find it difficult to be a juror in a case involving a drunk driver. This jury selection process is the only opportunity for Judge Hudspeth, the USMS attorney, and I to learn about any personal experience or special knowledge you have which could prevent you from being a fair and impartial juror in this particular case. As we go through the jury selection process, will you please not only answer all our questions as completely as possible, but also let us know if you have any reservations or concerns about your ability to serve as juror in this particular case?

2. My name is Kathy Butler, and along with John Griffin from the law firm of Marek, Griffin & Knaupp, we are assisting Mr. Ruiz. Mr. Jimmy Rodriguez is assisting the USMS. Has anyone ever heard of these lawyers or these firms before? What have you heard? Is there something in your knowledge or experience with regard to them that would prevent you from
being fair and impartial in this case?

3. The following are potential witnesses in this case. Who here thinks they know, any of these people? [read witness list]

4. Who here knows somebody else on this jury panel? If so, what other panel member do you know, and how do you know them?

5. Who knows anyone else in this courtroom: Judge Hudspeth, the attorneys, courtroom staff, anyone who works at the courthouse?

BIAS REGARDING THE APPLICABLE LAW

6. If you are seated as a juror on this case you will learn that the government dismissed Ray Ruiz because he has a disability.  The government dismissed him even though they admit they don't have any information that he was not up to the job.  Why did they do this?  For one of the worst reasons possible, he has a disability in hearing.  Now, he has this hearing loss from many long years of military service to this country.  Mr. Ruiz wears hearing aids and with those hearing aids, he can hear a leaf fall – that's what their own witness says.  But that's not good enough.  He needs to be able to do it without his hearing aids.  Now CSOs can wear contacts and glasses, but they cannot wear hearing aids – no matter how good – to take the medical tests the agency has set.  They say he needs to be "normal" without his hearing aids.  But, as this case develops, you will learn three important things.  First, the people who were involved with his dismissal cannot identify any standard he failed.  Second, you will learn that the government accepts workers who have much worse hearing than Mr. Ruiz does. And your will learn that this rejection was based solely on his hearing loss. There was no other factor involved.

[If business necessity remains in case – The government says it had to dismiss him because he was too much of a risk – didn't have normal hearing without hearing aids.  But here's the truth, the government does not ask CSOs to have normal hearing at all – it allows even severe hearing loss on the job.  And in order for the government to have a standard that obviously keeps out people with disabilities, the government itself has to prove that its hearing standard is a business necessity, What does that mean?  It means the (1) the standard is job-related; (2) it is applied uniformly; (3) it is really a necessity; and (4) hearing aids would not allow Mr. Ruiz to perform the job.   Not just one, but everyone of these, the government must prove.   Otherwise the disabilities laws would be meaningless.  Some employers would just set standards – have to run a mile and, poof, no one with a wheelchair could work.  That's not good enough here in America.  An employer must show that it is not just convenient to exclude people with disabilities, but that it really a necessity.

The plaintiff must show two things in this case: that this employee had a disability,
but was able to perform all the essential tasks in this job.

a. First, who here thinks the laws governing the handling of disabilities among workers on
the job may put an undue burden on employers? How did you come to that opinion?
What is important about that to you?

b. Who here thinks these rules on how to handle the disabled employee singles out people
claiming to have a disability for special treatment at other's expense? How so?

c. By show of hands, who thinks discrimination against people with disabilities on the job
is a very serious problem? And, who thinks that discrimination against the disabled
worker may not be all that serious a problem? (Follow up: How so?)

d. Again, by show of hands, which of these positions is closer to what you personally
believe? Who thinks there really is a need for a federal law to prohibit discrimination
against people with disabilities? On the other hand, who here thinks the employer
and the individual employee should be allowed to handle these disputes on a case by
case basis, without the courts intervening?

BIAS REGARDING THE BURDEN OF PROOF IN CIVIL CASES

7. This is not a criminal case. In criminal cases, where accused defendants stand to lose their freedom or in some cases their very life, jurors must require the prosecution to prove each element of their case beyond a reasonable doubt.

Here, in a civil action, nobody will go to jail or lose their life if the jurors vote for the plaintiff against the defendant employer, the USMS, or vice versa. The jurors in this case must hold the plaintiff to a different burden of proving the elements of his case. That standard you must use to decide each element of the case presented to you is whether or not the evidence placed before you is more likely true than not true - more likely than not.

What that means for you, if you end up sworn in and deciding this case, is that, instead of holding back a decision until you are convinced of it beyond all reasonable doubt, that you could still have some reasonable doubts about the evidence, but still would have to decide despite those doubts as long as you were convinced that evidence was more likely true than not true. This standard for the burden of proof in a civil action is called proving the case by a preponderance of the evidence.

Specifically, in this case the plaintiff will have to bring you evidence which you must see as more likely true than not that:

- Ray Ruiz's hearing loss is more likely than not, a disability
- That it is more likely true than not that Ray Ruiz could still perform all the essential functions of his job despite that disability

a. Who here thinks that preponderance standard for proving an employment discrimination case is not high enough? That, if you are being asked to judge a case for money damages against an employer, like the federal government, that the plaintiff should be prepared to convince you by evidence that makes his case beyond a reasonable doubt, not just to a preponderance of the evidence? How so? What else?

WORK, TRAINING, AND EXPERIENCE

8. Have you, a close friend or family members ever acted, as the owner, supervisor or manager of a business of other employees under you or in your company?

a. Who here has owned his or her own business, and if so, when you were in management, what were your three biggest frustrations? How come?

b. Did personnel issues ever make that frustration list for you? How?

c. Have you, a close friend or family member, ever been in charge of hiring, promoting or firing people? What was that like?

d. Who here has any kind of special training in employment, human resources or other aspects of personnel management? Please describe it.

9. By show of hands, who here has, or had a family member or close friend who ever worked for, or had special dealings with the Department of Justice or the United States Marshal's Service? If so,

a. In what capacity?

b. During what period of time?

c. If not you, what is your relationship with this person.

d. Because of that experience, do you feel that you bring some expertise in deciding this case that some of the other jurors may not have? How so? What else?

10. Have you or any member of your family or a close friend ever been fired or laid off? If so, what were the circumstances? Did you believe the termination was fair? Did you do anything to try to get your job back?

DISCRIMINATION CLAIMS AND EXPERIENCE

11. Who knows a person who has ever claimed some kind of discrimination in the workplace? This would include discrimination on the basis of sex, race, national origin, religion or disability? What was that all about?

12. Who knows someone who has ever been accused of some kind of discrimination - on the job or away from it?

a. For those who answered 'yes', who was the person, what was their relationship to you, and what were the circumstances?

b. Who has, or had a close friend or family member been accused of discrimination - at work or elsewhere?

c. Who here has had a close friend, family member or yourself, file a discrimination claim of any kind - at work or elsewhere?

13. Have you, a family member or any close friend ever been discriminated against on the job specifically because of a disability? How specifically?

BIAS REGARDING THE CAUSE OF ACTION IN THIS CASE

14. This is a case which charges discrimination because of a worker's disability. What personal or moral concerns do you have about people filing lawsuits for money damages for wrongs they claim were done to them in this type of discrimination? What else?

15. Who here thinks that is the employers right - or at least that it should be the employer's right—to hire, fire or promote according to their own way of doing things, without fearing intervention by lawyers, courts and juries who don't even work there? How so?

16. You will learn the law in this case says an employer can be held liable for discrimination on the job against a person with a disability. For everyone on the panel, what thoughts do you have about this law and its value to our system?

17. Who here already is thinking that, for just yourself, personally, it's going to take a lot of work by the lawyer to convince you that a hearing impairment is a disability? How so?

a. Even if a hearing impairment can be seen as a disability, who here thinks it crosses the line to apply a law like the American's with Disabilities Act when it comes to suing an employer for legal liability dealing with it? How so?

18. Who here thinks that some employers may sometimes give a false reason or not tell the whole truth about why they fired a person with a disability? Why would they?

19. Who here really thinks that sometimes the law requires employers to go too far making room for employees with disabilities? How so?

a. Who thinks our laws don't go far enough to protect disabled workers? How come?

b. Who here thinks that an employee who truly believes they have been discriminated against - for race, age, sex, or disability - should find some way to deal with it short of going all the way to filing a lawsuit? Who thinks a lot of these cases are people who just choose a lawsuit as their first and only choice? What do you think about that?

c. Who really believes that it is unfair for the law to keep an employer from firing or promoting an employee because of a disability and its impact on their work?

20. Anyone out there wear hearing aids or have a friend or family member who does? What has your/their experience been with them?

21. What do people think about hearing aids – good, bad or indifferent?

a. Do you think this might vary with the type of hearing aid – some better or some worse?

SPECIAL KNOWLEDGE BIAS: EXPERTS IN THE VENIRE PANEL

22. Who here has a close friend, a family member, or yourself who has studied or been trained in:

a. Law enforcement

b. Claims assessment or claims valuation

c. Legal training (law school, paralegal courses, or law courses in college, etc.)

d. Disabilities rights or treatment under the Americans with Disabilities Act/Rehabilitation Act
For all of you who raised your hands, how do each of you believe that particular experience you have may help or hurt your ability to be as fair as you are able to be - to both sides in this case that has these particular issues at its heart?

e.  Human resources.

23.  Who has previous service on jury panels?

a.  What kind of case, did you arrive at a verdict, and anything about that experience that would give you pause about being a juror here today?

PERSONAL EXPERIENCE BIAS

24. Who here has a disability, or has a close friend or relative with a disability? For those who do,

a. What is the disability?

b. What difficulty, if any, have you/they had finding a job as a result of their disability?

c. Have employers been helpful in providing necessary changes or accommodations for you/them?

d. Do you think the law should require employers to provide for such accommodations? Why or why not?

25. Has anyone ever worked with someone who had some kind of permanent or long-term disability? What was that like for you? Was it a worthwhile experience for the person? Was it a worthwhile experience for the business?

a. Were any accommodations made for the person with a disability?

b. Did that cause any hardships or problems for anyone? If so, explain.

26. Do you have any family members or close friends with a hearing impairment. If yes,

a. Who? What relationship is this person to you?

b. What kind of hearing impairment.

c. Is this person employed or a student.

e. Has this person ever experienced problems or discrimination because of a hearing impairment.

f. Please describe your feelings about this person.

g. Do they consider it a disability?

h. Do you?

For all those who answered, knowing this case will deal, in part, with a claim that hearing impairment is a protected disability under the law and employers are subject to that law when dealing with workers with hearing loss, who is beginning to think that, based on the experience with your own or your close friend's or relative's hearing loss, this may not be the best case for you to sit on as a juror? Please explain.

27. Have you or any family members, or close friends ever had something happen where you or they could have filed a lawsuit and chose not to? Could you tell me what happened? Why did you/they choose not to file a lawsuit?

a. Who here has, or has a close friend or family member who has ever filed a lawsuit? Tell me about it, please?

28.  Anyone who has been sued?  What was the nature of that case?

a.  For anyone who has been sued, is there anything about the situation that would cause you to have a leaning against the plaintiff due to the fact that you have been in the position of being sued?

29.  Does anyone on this panel belong to an organization called Citizens Against Lawsuit Abuse?

30.  Does anyone on this panel think that most lawsuits are frivolous?  That folks who file them are greedy?

31.  Anyone who thinks the laws are so demanding that they make it difficult for government to conduct business?

32.  Anyone who thinks that the United States Marshal's Service or the Department of Justice is so important to our community that the people who run it should not have to spend time defending it in a lawsuit?

33.  Who on the jury panel has the opinion that disputes over what happens in the workplace have no place being litigated in the courts?

34.  How many jurors either now work or have worked for a company (or even owned a business) that was sued?

> Without going into detail, what type of claim was made against the company?

> Did that lawsuit have grave consequences for the business?

> Do you feel that you or the company was treated unfairly in the process?

35.  Same questions for any on the jury panel who have a relative or close friend or neighbor who has been in that situation.

36.  Think that a defendant in a lawsuit is going to admit that they messed up?  Anyone who would be surprised if government did not immediately take responsibility for messing up.

BIAS REGARDING DAMAGES

37. As you've heard, what happened in this case is that the government required the dismissal of Mr. Ruiz because of his hearing impairment. The damages you would be required to consider cover two areas, mental/emotional harms
and monetary harms.

a. First off, who here has a basic, fundamental objection to jurors being asked by the courts
to place a money value on mental or emotional injuries, like depression, frustration
and the like? What makes you believe that way?

b. Before you hear any facts, and before Judge Hudspeth will explain the law to you, who here right now, has a strong level of doubt that you can be convinced that firing this gentleman who filed suit could really cause him - or anyone - all that much serious mental or emotional harm? How so? What else?

38. Who thinks that any dollar amount awarded by the jury should be limited in some way, or does anyone here have a limit in their mind, or a maximum amount of money, beyond which they would never go in deciding an employment discrimination case, regardless of the evidence?

- Who here thinks before we start that $100,000 would be too much to award in an employment discrimination case like this one?

- Who here thinks that $10 would be too much to award in an employment
discrimination case like this one?

- Who here thinks that $500,000 would be too much to award in an employment
discrimination case like this one?

39. Who here has a religious moral or philosophical opposition to awarding compensatory damages if the evidence warrants a finding of compensatory damages, such as mental anguish?

a. Who here strongly holds a religious, moral or philosophical opposition to
awarding damages for mental anguish - in any kind of a lawsuit?

b. Who here believes that it is OK for juries to award mental or emotional injury damages, but that those damage awards should be limited or capped in some
way? How specifically?

c. Does anyone think that because understanding and putting a cash value on

mental or emotional injury claims is a more subjective task than assessing wage losses or medical bills, for instance, the plaintiff should be ready to offer evidence to prove these kinds of damages that goes further than just a preponderance - or more likely than not - standard?

GENERAL BIAS

40. Who here has concerns about their ability to be a fair and impartial juror of the particular facts in the case because of something you have heard during this jury selection process? Please explain about your concerns.

41. If you were trying to select a jury for this case, is there anything about you today that you think the parties and the lawyers should know about that hasn't already been discussed?

42. Who here would like to privately discuss something that bears on your ability to serve as fairly as you could as a juror in this case?

43.  Any experience we have not touched on that would influence you, make you lean slightly one way or the other before the trial starts?