IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RAMUNDO RUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. V-CA-07-56-H |
| | § | |
| MICHAEL MUKASEY, ATTORNEY | § | |
| GENERAL OF THE UNITED STATES | § | |
| | § | |
| Defendant. | § | |

### ORDER ON PLAINTIFF'S MOTION
### TO PRECLUDE BUSINESS NECESSITY DEFENSE

Plaintiff Ruiz has filed a motion asking this Court to exclude the business necessity affirmative defense of Defendant, Michael Mukasey, Attorney General of the United States ("Mukasey").

As an initial matter, Ruiz claims that Mukasey's affirmative defense of business necessity was not properly pled as required by **Fed. R. Civ. P. 8 (c)** and should be excluded. Ruiz cannot claim to have been prejudiced by this failure to comply with the formal pleading requirements. As Ruiz's motion points out in detail, Ruiz has conducted discovery related to the business necessity defense. In fact, Ruiz was granted a motion to compel discovery related to the business necessity defense because it was a "claim or defense of any party" – namely Mukasey. See **Order Granting Plaintiff's Motion to Compel Discovery**, Docket No. 87 ("These documents are clearly relevant to the defendant's claim of business necessity, and therefore discoverable."). That Order was dated August 29,

1

2008, so Ruiz cannot claim to now be surprised by Mukasey's intention to rely upon the business necessity defense that Ruiz acknowledged in order to compel discovery. Because Ruiz was on notice of the defense and suffered no prejudice by the absence of a formal pleading, the Court finds no merit in Ruiz's insistence that this defense must be excluded due to the pleading requirements. *See* **Lubke v. City of Arlington**, 455 F.3d 489, 499 (5th Cir. 2006).

Next, Ruiz argues that the affirmative defense of business necessity should be excluded because of discovery abuses by Mukasey. Ruiz first asserts that Mukasey's defense should be excluded because Mukasey has not provided Ruiz with discovery related to the elements of the defense, such as expert reports. Ruiz has asked for and received discovery in the form of interrogatories, depositions, and documents related to the business necessity defense. Mukasey argues that he produced documents related to this defense as compelled by Magistrate Judge Owsley. Mukasey has also attached an expert report to his Response that he argues discusses this defense. As the plaintiff has noted, the Defendant bears the burden of meeting the elements of the business necessity defense. Apart from the destroyed documents discussed below, Ruiz has not shown any specific discovery to which Mukasey did not respond.

Ruiz also argues that Mukasey has not produced documents that

he was compelled to produce. Mukasey was previously ordered to produce (1) the Federal Occupational Health records regarding the medical qualification of CSOs from 2004 to the present; and (2) the Federal Occupational Health records of CSOs identified as having medical-based performance issues on the job during the same period, as requested in plaintiff's June 24, 2008 Second Set of Requests for Production. See **Order Granting Plaintiff's Motion to Compel Discovery**, Docket No. 87. Mukasey produced documents in response to the Order, but Ruiz argues that Mukasey has abused discovery by not producing certain documents. Mukasey admits that some of the documents in question - more recent memos like those previously produced in the *Gunnels* litigation - were destroyed, but argues that it was not done in bad faith. The Fifth Circuit permits an adverse inference against a party who has destroyed evidence only upon a showing of "bad faith" or "bad conduct." **Condrey v. Suntrust Bank of Ga.**, 431 F.3d 191, 203 (5th Cir. 2003). Ruiz has the burden of showing that the records in this case were destroyed in bad faith in order to obtain an adverse inference instruction.[1]

---

[1] The Court also notes that Ruiz incorrectly cites **McNamara v. U.S. Dept. of Justice**, 949 F.Supp. 478, 486 (W.D. Tex. 1996) as requiring the retention of all federal records for seven years. That case merely noted that another court had found seven years to be an impermissible time for destruction of certain records. The court specifically noted that there was no statutorily mandated time period for document retention for federal records. The court in **McNamara** also noted that the immigration records in that case could be justified as having a shorter retention period and ordered the destroyer to show cause why a shorter time period was appropriate. Here, the declaration

*See* **King v. Ill. Cent. R.R.**, 337 F.3d 550, 556 (5th Cir. 2003). Mukasey contends that the records were destroyed in the regular course of business as a result of an agency records-keeping decision in 2005. A party can only produce documents in its possession, custody, or control. Unless Ruiz is at least able to raise a fact question at trial as to whether the documents were destroyed in bad faith, a spoliation instruction is inappropriate.

Absent a showing of bad faith, the Court also declines to strike the affirmative defense of business necessity on the grounds of spoliation or discovery abuse as well.

It is therefore ORDERED that Plaintiff's motion to Preclude the Defendant from asserting "business necessity" as an affirmative defense be, and it is hereby, DENIED.

It is further ORDERED that the Plaintiff's motion for a spoliation instruction be, and it is hereby, DENIED WITHOUT PREJUDICE.

SIGNED and ENTERED this 19th day of September, 2008.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

---

of the Director of the Division of Clinical Services, Mark Delowery, was proffered by Mukasey in support of the contention that the records were kept for a shorter time period under an administrative decision that was not in bad faith. This is exactly the type of agency internal guideline for document retention and destruction that **McNamara** acknowledged was required by statute.