UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| Ramundo Ruiz, | § | CIVIL ACTION NO. 6:07-CV-56 |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| U.S. Protect and Michael Mukasey, | § | |
| Attorney General of the United States, | § | |
| Defendants | § | A JURY IS DEMANDED |

**Plaintiff's Supplemental Proposed Jury Instruction and Interrogatory**

Plaintiff Ramundo Ruiz files this supplemental proposed jury instruction and interrogatory (each solely on business necessity) as a convenience to the Court, and does not waive the right to later modify or request modification as may be appropriate under subsequent Court rulings, the controlling law, and the evidence admitted at trial.

Respectfully submitted,
/s/ John Griffin
John Griffin
Federal I.D. No. 2238
State Bar No. 08460300
203 North Liberty Street
Victoria, Texas  77901
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

**Attorney in charge for Plaintiff**

/s/ Katherine L. Butler
Katherine L. Butler
Federal I.D. No. 4734
State Bar No. 03526300
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677

Fax (713) 526-5691

**Certificate of Service**

I certify that a true and correct copy of this document has been served upon the defendant via the electronic filing system of the United States District Court for the Southern District of Texas on September 22, 2008.

/s/ Katherine L. Butler

**Proposed Instruction No. 4a**

A qualification standard, such as defendant's hearing standard for Court Security Officers, is unlawful unless the defendant proves it is job related and justified b y business necessity.  Business necessity is a defense to a claim of discrimination under the ADA and Rehabilitation Act. To establish this defense, Defendant must prove by a preponderance of the evidence that its ban on hearing aids that has the effect of screening out or otherwise denying a job or benefit to individuals with Plaintiff's disability is:

   a. Uniformly applied;

   b. Job-related for the position in question;

   c. Consistent with business necessity; and

   d. Cannot be met by a person with Plaintiff's disability even with a reasonable accommodation.

In evaluating whether the risks addressed by the standard constitute a business necessity, you should consider:

   a. The magnitude of possible harm; and

   b. The probability of occurrence.

**Source:** 5th PJC 11.7.4.

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____

_____     _____
Date                    U.S. District Court Judge Hudspeth

**Proposed Interrogatory No. 2a**

Was Defendant's policy that caused Plaintiff to be removed from his job justified by business necessity?

Answer "Yes" or "No"

_____

If you answered "Yes" to Interrogatory No.2a, then answer the following Interrogatory:

**Source:** 5th PJC 11.7.4

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____

_____        _____
Date                        U.S. District Court Judge Hudspeth