```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   VICTORIA DIVISION
```

United States Courts
Southern District of Texas
FILED

SEP 24 2008

Michael N. Milby, Clerk of Court

| | | | |
|---|---|---|---|
| RAMUNDO RUIZ, | § | | |
| | § | | |
| Plaintiff, | § | | |
| | § | | |
| v. | § | NO. | V-CA-07-56-H |
| | § | | |
| MICHAEL MUKASEY, | § | | |
| ATTORNEY GENERAL, | § | | |
| | § | | |
| Defendant. | § | | |

### THE COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

## DUTY TO FOLLOW INSTRUCTIONS
(Governmental Agency Involved)

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. All the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. A governmental agency is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including governmental agencies, stand equal before the law and are to be dealt with as equals in a court of justice.

26.

### CONSIDERATION OF THE EVIDENCE, ETC.
#### Governmental Agency - Agents & Employees

When a governmental agency is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a governmental agency may bind the agency by his acts and declarations made while acting within the scope of the authority delegated to him by the agency, or within the scope of his duties as an employee of the agency.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and

reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## **DEPOSITIONS**

Certain testimony has been presented to you through a deposition. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. Deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

## **EVIDENCE-DIRECT-INDIRECT OR CIRCUMSTANTIAL**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case. One is direct evidence - such as the testimony of an eye-witness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all evidence in the case, both direct and circumstantial.

## **CREDIBILITY OF WITNESSES**

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT:  BIAS OR PREJUDICE

You may also consider any demonstrated bias, prejudice or hostility of a witness in determining the weight to be accorded to his testimony.

## **EXPERT WITNESSES**

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## **BURDEN OF PROOF**

(Generally)

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant.

## **REHABILITATION ACT OF 1973**
(29 U.S.C. §§ 701 et seq.)

The Rehabilitation Act of 1973 prohibits the United States government and its agencies from discriminating in employment on the basis of an individual's disability. In order to establish a claim under this statute, the Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. that he is disabled or is regarded as being disabled.
2. that he is qualified for the job in question.
3. that he was subjected to an adverse employment action on account of his disability.

A "disability" is a physical or mental impairment that substantially limits one or more of the major life activities of the individual; a record of such impairment; or being regarded as having such an impairment. You are instructed that hearing is a "major life activity" within the meaning of this statute.

An individual is "substantially limited" in a major life activity if he is (1) unable to perform a major life activity that the average person in the general population can perform; or (2) significantly restricted as to the condition, manner, or duration under which he can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. An individual is "regarded as disabled" if (1) he has a physical or mental impairment that does not substantially limit a major life activity, but nevertheless is treated by the Defendant as having a substantially limiting

impairment, or (2) he has no actual impairment at all, but is treated by the Defendant as having a substantially limiting impairment.

A "qualified" individual is one who, with or without reasonable accommodation, can perform the essential functions of the position of Court Security Officer. "Essential functions" are those that are fundamental to the job. The term does not include the marginal functions of the job. In deciding whether a function is "essential," you may consider a variety of factors: (1) the reasons the job exists; (2) the number of employees the Defendant has to perform that kind of work; (3) the degree of specialization which the job requires; (4) Defendant's judgment as to which functions are essential; (5) written job descriptions prepared before advertising or interviewing applicants for the position; (6) the consequences of not requiring an employee to satisfy that function; and (7) the work experience of others who held the position.

## **BUSINESS NECESSITY DEFENSE**

The Defendant contends that the qualification standard at issue in this case was a business necessity. You are instructed that business necessity is an affirmative defense, as to which the Defendant has the burden of proof. In order to establish this defense, the Defendant must prove by a preponderance of the evidence that its qualification standard which has the effect of screening out or otherwise denying a job to an individual with a disability meets all the following criteria:

1. The standard is uniformly applied.

2. The standard is job related with respect to the position of Court Security Officer.

3. The standard is consistent with business necessity.

4. The standard cannot be met by a person with Plaintiff's alleged disability even with a reasonable accommodation.

In evaluating whether the risks addressed by the standard constitute a business necessity, you should consider the magnitude of possible harm and the probability of occurrence.

**D A M A G E S**

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less. Damages cannot be based on speculation because it is only actual damages -- what the law calls compensatory damages -- that are recoverable. Also, compensatory damages are not allowed as a punishment, and must not be imposed or increased in amount to penalize the Defendant.

If you find the Defendant liable to the Plaintiff, then you may consider the following elements of damages and no others:

(1) Any loss of earnings measured by the difference between what the Plaintiff would have received in wages and other benefits had he been allowed to continue in the position of Court Security Officer and what he has actually received in wages and other benefits from the date of his discharge until today.

(2) Mental anguish and emotional distress, if any, proximately caused by the Defendant's decision to discharge the Plaintiff.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require

1

that the Plaintiff prove the amount the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. No evidence of the value of intangible things, such as mental anguish or emotional distress, has been or need be introduced. In that connection, you are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the injuries he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you do make should be fair in the light of the evidence.

## DUTY TO MITIGATE DAMAGES
### (Generally)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages--that is, to take advantage of any reasonable opportunity he may have had under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that a Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available to him under all the circumstances shown by the evidence, then you should reduce the amount of his damages by the amount he should have reasonably realized if he had taken advantage of such opportunity.

## DUTY TO DELIBERATE
### (When Only the Plaintiff Claims Damages)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## **VERDICT FORMS**

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesperson here in Court. A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.