```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         VICTORIA DIVISION
```

RAMUNDO RUIZ,                       §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §    NO.  CA-V-07-56-H
                                    §
MICHAEL MUKASEY,                    §
ATTORNEY GENERAL,                   §
                                    §
        Defendant.                  §

## ORDER REGARDING POST-TRIAL MOTIONS FOR JUDGMENT

Plaintiff Ramundo Ruiz was employed as a Court Security Officer in the United States Courthouse in Victoria, Texas. His employment was terminated when the United States Marshals Service determined that he was medically disqualified from continuing to serve in the position of Court Security Officer. Ruiz then brought this civil action, contending that he was a victim of disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 **et seq**. Defendant Michael Mukasey, Attorney General of the United States, is the titular head of the United States Department of Justice, of which the Marshals Service is a component part.[1]

---

[1] The Plaintiff also named U.S. Protect, a security contractor, as a Defendant in this case. However, on March 16, 2008, U.S. Protect became the subject of a Chapter 7 Bankruptcy proceeding, resulting in an automatic stay of proceedings in this case against U.S. Protect. Accordingly, the Plaintiff's claim against that Defendant was severed and is still pending. The case proceeded to trial against Defendant Mukasey only.

1

According to well-settled law, it is not only the duty, but the primary duty, role, and mission of the United States Marshals Service to provide for the security of the United States courts. 28 U.S.C. § 566(a). Since 1984, the Marshals Service has chosen to carry out one aspect of its court security mission by contracting on a circuit by circuit basis with private security organizations to furnish Court Security Officers. The contractor is responsible for the officers' wages and benefits, but the Marshals Service reserves the right of final approval of the individuals actually employed as Court Security Officers. Furthermore, the Marshals Service requires that each Court Security Officer undergo an annual physical examination, the results of which are reviewed at the Marshals Service headquarters. After reviewing the medical evidence, the Service retains the right to notify the contractor that a particular employee is medically disqualified from serving as a Court Security Officer, in which case the contractor must terminate the services of that employee as a Court Security Officer.

For several years, Plaintiff Ramundo Ruiz carried out the duties of a Court Security Officer at two different courthouses in the Southern District of Texas. The Plaintiff has a hearing loss, and he wears a hearing aid. The annual physical examination for Court Security Officers includes a hearing test. Plaintiff Ruiz was able to pass the hearing test with the use of his hearing aid, but not without it. Apparently this was not perceived as a problem until October 2006,

when the Marshals Service determined that the Plaintiff was not qualified to continue serving as a Court Security Officer because of his hearing loss. The Service ordered the contractor, U.S. Protect, to remove Ruiz from the position of Court Security Officer in the Victoria Courthouse.[2]

After a jury trial, the jury, in response to special interrogatories, found that Ramundo Ruiz was qualified for the position of Court Security Officer, but that he was disqualified by the Marshals Service because they regarded him as "disabled." The jury further found that the Marshals Service's decision to disqualify Ruiz was not justified by business necessity, and that Ruiz was entitled to recover $103,048.00 for his loss of earnings and benefits and $154,000.00 for mental anguish and emotional distress. The Plaintiff has moved the Court to enter a judgment based on the verdict of the jury. The Defendant has filed a motion for judgment as a matter of law in its favor, notwithstanding the verdict returned by the jury.

The Rehabilitation Act of 1973 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 **et seq.**, are parallel statutes prohibiting disability discrimination. The Rehabilitation Act prohibits such discrimination in federal employment; the Americans with Disabilities Act applies to other employers. However, the standards used by the courts in determining violations are the same. 29 U.S.C.

---

[2]Prior to 2006, the contractor employing Ruiz was Akal Security, Inc. In 2006, shortly before the removal of Ruiz, U.S. Protect replaced Akal as the contractor.

3

§ 791(g). Under each statute, the term "disability" means (1) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Being regarded as having a substantially limiting impairment includes having an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment. **Sutton v. United Airlines, Inc.**, 527 U.S. 471, 489-90 (1999); **Deas v. River West L.P.**, 152 F.3d 471, 475 (5th Cir. 1998); **Bridges v. City of Bossier**, 92 F.3d 329, 332 (5th Cir. 1996). One form of discrimination which the statutes prohibit is the use of qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless those procedures are (1) job related for the position in question; and (2) consistent with business necessity. 42 U.S.C. § 12112(b)(6).

In the instant case, a reasonable jury could have found that in the year 2006, the Marshals Service, in consultation with its own paid experts, adopted a hard and fast rule that no individual who could not pass a specific hearing test without the use of a hearing aid could be employed as a Court Security Officer. Plaintiff Ruiz had in previous years passed similar tests with the help of his hearing aid and had successfully performed the duties of a Court Security Officer. There was sufficient evidence to support the jury's finding that the

4

Marshals Service regarded Plaintiff Ruiz as having a physical impairment that substantially limits him in the major life activity of hearing. The evidence also supported the jury's finding that Plaintiff Ruiz was qualified to perform the duties of a Court Security Officer; he had done so for years. Finally, the evidence supported the jury's finding that the decision of the Marshals Service to disqualify Plaintiff Ruiz from continuing to serve in that position was not justified by business necessity.

The Marshals Service contends that it cannot be held liable under the Rehabilitation Act, because it was not the "employer" of Plaintiff Ruiz. It is true that Ruiz, like all Court Security Officers, was directly employed by a private security firm: at first Akal Security; later U.S. Protect. However, case law recognizes the concept of a joint employer. **Skidmore v. Precision Printing & Packaging, Inc.**, 188 F.3d 606, 616-17 (5th Cir. 1999); **Virgo v. Riviera Beach Associates, Ltd.**, 30 F.3d 1350, 1359-61 (11th Cir. 1994); **McMullin v. Ashcroft**, 337 F. Supp. 2d 1281 (D. Wyo. 2004). Determining whether a particular party qualifies as a joint employer requires a determination as to which entity made the final decision regarding employment matters relating to the person claiming discrimination. **Skidmore**, 188 F.3d at 617. In this case, that entity was unquestionably the Marshals Service. U.S. Protect did not decide that Plaintiff Ruiz was not qualified to serve as a Court Security Officer; the Marshals Service notified U.S. Protect that it had to relieve Ruiz of those duties.

In summary, the Marshals Service has partially delegated to private contractors its statutory responsibility of providing for the security of federal courthouses. Court Security Officers are on the payroll of a private organization such as U.S. Protect, but the Marshals Service retains the authority to make all final decisions regarding the hiring and firing of those officers. For purposes of the Rehabilitation Act and the Americans with Disabilities Act, U.S. Protect and the Marshals Service are co-employers. The record reflects that the Marshals Service adopted a qualification standard which required all employees to pass certain specified hearing tests without the use of a hearing aid in order to be employed as a Court Security Officer at any federal courthouse in any district or circuit in the United States. To enforce this standard, annual physical examinations of employees such as Ramundo Ruiz were required, and reports of the results of those examinations were reviewed by consultants chosen and paid by the Marshals Service. Based on a report in 2006 that Ramundo Ruiz had not passed the hearing test unaided, the Marshals Service instructed U.S. Protect to terminate his employment as a Court Security Officer. The jury found by a preponderance of the evidence that Plaintiff Ruiz was qualified to perform the duties of a Court Security Officer; that he was regarded by the Marshals Service as having a disability; and that the decision by the Marshals Service to disqualify the Plaintiff was not consistent with any business necessity. The verdict of the jury was supported by sufficient evidence, as were the

damages awarded by the jury. Therefore, the following orders should be entered.

It is ORDERED that the motion of Defendant Michael Mukasey for judgment in his favor as a matter of law be, and it is hereby, DENIED.

It is further ORDERED that the motion of Plaintiff Ramundo Ruiz for judgment on the jury verdict be, and it is hereby, GRANTED.

It is further ORDERED that judgment be, and it is hereby, ENTERED in favor of Plaintiff Ramundo Ruiz in the amount of Two Hundred Fifty-Seven Thousand Forty-Eight and no/100 Dollars ($257,048.00) plus interest thereon at the legal rate from the date of judgment until paid, plus costs of suit herein incurred.

It is further ORDERED that the Plaintiff's motion for attorney's fees, supported by proper affidavit, and his motion for further equitable relief, if any, be filed within fourteen (14) days after entry of the judgment herein.

SIGNED AND ENTERED this 11th day of December, 2008.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE